Ronald L. BECKER, Plaintiff,

v.

**UNITED BROTHERHOOD OF CARPENTERS AND JOINERS MILLWRIGHT LOCAL 1755, et al., Defendants.**

Civ. A. No. 6:91–1125.

United States District Court,
S.D. West Virginia,
Parkersburg Division.

Jan. 25, 1993.

---

Walt Auvil, Pyles & Auvil, Parkersburg, WV, for plaintiff.

Michael F. Niggemyer, Hostler & Segal, Charleston, WV, for Local 1755.

Benita Whitman, Crandall & Pyles, Charleston, WV, for District Council.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is a motion for summary judgment filed by the District Council of North Central West Virginia of the United Brotherhood of Carpenters and Joiners of America ("District Council"), a Defendant in this action. After careful consideration of the submitted memoranda, the Court GRANTS summary judgment on counts I, III, and IV of the amended complaint. Based on the presence of genuine issues of material fact, the Court DENIES summary judgment on count II.

■ Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper only:

[I]f the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law.

A principal purpose of summary judgment is to isolate and dispose of meritless litigation. *Celotex v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The moving party has the initial burden of showing the absence of a genuine issue concerning any material fact. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 159, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970). If the moving party meets its initial burden, the burden then shifts to the nonmoving party to "establish the existence of an element essential to that party's case, and on which that party will bear the burden of

proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. at 322, 106 S.Ct. at 2552. To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must offer evidence showing that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. at 2553. For reasons discussed below, the Court partially grants the motion for summary judgment.

Plaintiff Ronald Becker was formerly a member of the United Brotherhood of Carpenters and Joiners Millwright Local 1755 ("Local 1755"). On April 28, 1988, Mr. Becker was employed by Bechtel Construction Company. On that date the Plaintiff was involved in a work-related fight with William Collins, another member of Local 1755 employed by Bechtel Construction. On May 13, 1988, Mr. Collins filed a charge against Mr. Becker with the District Council. Local 1755 is affiliated with the District Council.

In July, 1988, the District Council sent a copy of the original charges to Mr. Becker. The Executive Committee of the District Council subsequently referred the charges for trial. In September, 1988, a Trial Committee chosen from members of the District Council found Mr. Becker guilty of the alleged charges. As a result the District Council suspended Mr. Becker's union membership rights for four years and imposed a fine of $3000. The Plaintiff remained eligible for job referrals pursuant to Article II of the collective bargaining agreement between Local 1755, the Parkersburg–Marietta Contractors Association, and the Construction Employers Association of North Central West Virginia ("collective bargaining agreement"). The District Council clarified the Plaintiff's eligibility for job referrals through a letter dated December 7, 1988.

Mr. Becker subsequently appealed the decision of the Trial Committee to the Appeals Committee of the UBCJA. The Appeals Committee affirmed the Trial Committee and the penalty it imposed. Mr. Becker then appealed to the General Executive Board of the International Union, which also affirmed the Trial Committee's ruling.

Count I of the Plaintiff's amended complaint asserts that Defendant Local 1755 failed to follow the referral list and refer the Plaintiff to jobs as they became available, in violation of 29 U.S.C. § 411(a)(5). The Plaintiff specifically claims that the business agent for Local 1755 discriminated against him in job referrals.

Count II asserts that Defendant District Council 1) failed to provide the Plaintiff with the names of individuals composing the Trial Committee, 2) failed to provide the Plaintiff with a transcript of evidence adduced by the Trial Committee, 3) failed to continue the hearing upon the Plaintiff's request, 4) failed to provide the Plaintiff with timely, adequate and specific notice of the charges against him, and 5) "stacked" the Trial Committee against the Plaintiff, all in violation of Plaintiff's rights under 29 U.S.C. § 411(a)(5)(A) and (C).

Count III asserts that Defendants' actions with respect to Count II, items one through five (listed above), violates "Plaintiff's contractual rights as a member of the UBCJA." Count IV alleges that Defendants' actions have "intentionally interfered with the Plaintiff's contractual relationships with his employers ...".

## COUNT I

Count I is based on 29 U.S.C. § 411(a)(5), which states the following:

> No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined ... unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing.

"Otherwise disciplined" under § 411(a)(5) refers to "some sort of established disciplinary process rather than ad hoc retaliation by individual union officers." *Breininger v. Sheet Metal Workers,* 493 U.S. 67, 91–92, 110 S.Ct. 424, 438–39, 107 L.Ed.2d 388 (1989). In *Breininger* the petitioner alleged that the union business manager and business agent failed to refer him for employment because he supported a political rival. The Court stated the following:

He [the Petitioner] did not allege acts by the union amounting to "discipline" within the meaning of the statute. According to his complaint, he was the victim of the personal vendettas of two union officers. The opprobrium of the union *as an entity*, however, was not visited upon petitioner. He was not punished by any tribunal, nor was he the subject of any proceedings convened by respondent. *Id.* at 94, 110 S.Ct. at 94.

■ Based on *Breininger* the Court grants summary judgment on Count I of the Plaintiff's amended complaint. The only penalty formally imposed by the District Council, with the "opprobrium of the union as an entity," was the suspension of membership rights and the $3000 fine. Pursuant to the collective bargaining agreement and the District Council letter dated December 7, 1988, the suspension of membership rights did not affect referral rights. The Plaintiff has not asserted or alleged a violation of referral rights pursuant to an "established disciplinary process." "Ad hoc" discrimination by Local 1755's business agent alone is insufficient to support a § 411(a)(5) claim.

### COUNTS III AND IV

Section 301(a) of the Labor Management Relations Act ("LMRA") 29 U.S.C. § 185(a), states the following:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... or between any such labor organization, may be brought in any district court of the United States having jurisdiction of the parties ...

■ A union constitution or collective bargaining agreement is a contract under § 301. *Wooddell v. International Brotherhood of Electrical Workers,* —— U.S. ——, ——, 112 S.Ct. 494, 500, 116 L.Ed.2d 419 (1991); *Plumbers and Pipefitters v. Plumbers and Pipefitters, Local 334,* 452 U.S. 615, 624, 101 S.Ct. 2546, 2551, 69 L.Ed.2d 280 (1981). Third party employees may bring suit for breach of such a contract. *Wooddell v. International Brother-*

*hood of Electrical Workers,* —— U.S. at ——, 112 S.Ct. at 500.

■ Under § 301 the federal courts are authorized to develop federal substantive law governing the enforcement of collective bargaining agreements. *United Steelworkers of America v. Rawson,* 495 U.S. 362, 368, 110 S.Ct. 1904, 1909, 109 L.Ed.2d 362 (1990). State law is "preempted by § 301 in that only the federal law fashioned by the courts under § 301 governs the interpretation and application of collective bargaining agreements." *Id.* at 368, 110 S.Ct. at 1909. State-law preemption under § 301 also applies to claims for breach of a union constitution. See *Wooddell v. International Brotherhood of Electrical Workers,* —— U.S. at ——, 112 S.Ct. at 500 (1991).

■ Count III of the Plaintiff's amended complaint alleges a range of violations in conflict with the "Plaintiff's contractual rights as a member of [the] UBCJA." Based on *Rawson* and *Wooddell* this type of state contract claim, apparently founded on the UBCJA Constitution, is preempted by § 301 of the LMRA. Accordingly the Court grants summary judgment on count III.

■ The court also grants summary judgment on count IV. As a general rule, a tort claim that is "inextricably intertwined with consideration of the terms of the labor contract" is preempted by § 301. *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 213, 105 S.Ct. 1904, 1912, 85 L.Ed.2d 206 (1985); *Electrical Workers v. Hechler,* 481 U.S. 851, 862, 107 S.Ct. 2161, 2168, 95 L.Ed.2d 791 (1987). In *Hechler* the court stated the following:

In order to determine the Union's tort liability, however, a court would have to ascertain, first, whether the collective bargaining agreement in fact placed an implied duty of care on the Union to ensure that Hechler was provided a safe workplace, and, second, the nature and scope of that duty ... Thus, in this case, as in *Allis–Chalmers*, it is clear that "questions of contract interpretation underlie any finding of tort liability" ... The need for federal uniformity in the

interpretation of contract terms therefore mandates that here, as in *Allis–Chalmers*, respondent is precluded from evading the preemptive force of § 301 by casting her claim as a state-law tort action. *Electrical Workers v. Hechler*, 481 U.S. at 862, 107 S.Ct. at 2168.

The reasoning applied in *Hechler* and *Allis–Chalmers* applies to the count IV claim for intentional interference "with the Plaintiff's contractual relationships with his employers ...". The alleged "interference" apparently refers to Local 1755's failure to abide by "contractual relationships" under the collective bargaining agreement. Tort liability under count IV will depend on the interpretation of terms of the collective bargaining agreement, particularly with respect to job referrals under Article II. The Court therefore concludes that § 301 preempts the state claim for interference with contractual relationships.

Accordingly the Court GRANTS summary judgment on counts I, III, and IV. The Court DENIES summary judgment on count II. The Clerk is directed to send a copy of this Order to counsel of record.