**UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL NO. 1564, Plaintiff–Appellant,**

v.

**QUALITY PLUS STORES, INC.; Citicorp of North America; Buxbaum, Ginsberg and Associates, Inc., Defendants–Appellees.**

**No. 91–2104.**

United States Court of Appeals, Tenth Circuit.

April 8, 1992.

Jay Thomas Youngdahl (Roger V. Eaton, The Eaton Law Firm, Albuquerque, N.M., with him on the brief), Youngdahl & Youngdahl, P.A., Little Rock, Ark., for plaintiff-appellant.

David L. Swanson (Jay J. Madrid and Robert E. Sheeder, Winstead, Sechrest & Minick, P.C., Dallas, Tex., and Spencer Reid, Keleher & McLeod, P.A., Albuquerque, N.M., with him on the brief), Winstead, Sechrest & Minick, P.C., Dallas, Tex., for defendants-appellees.

Before LOGAN and TACHA, Circuit Judges, and COOK, District Court Judge.*

TACHA, Circuit Judge.

Appellant appeals an order of the district court granting summary judgment in favor of the appellees. On appeal, appellant contends that the district court erred when it held that it lacked subject-matter jurisdiction under section 301 of the National Labor Relations Act (NLRA), 29 U.S.C. § 185.

---

* The Honorable H. Dale Cook, Senior District Judge for the United States District Court for the Northern District of Oklahoma, sitting by designation.

We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## BACKGROUND

In 1988, Quality Plus Stores, Inc. (QPSI) operated several retail grocery stores in the State of New Mexico. In order to purchase these stores, QPSI had borrowed money from Citicorp. Citicorp issued the loans after it perfected its security interests in the collateral pledged by QPSI and when QPSI satisfied the other conditions precedent to the security agreement.

When QPSI subsequently decided that it was unable to continue operating as a business, QPSI and Citicorp negotiated an agreement whereby QPSI agreed to relinquish and transfer possession and control of the collateral to Citicorp. Citicorp retained Buxbaum, Ginsberg & Associates (BG & A) to assist in the liquidation of the collateral. Appellant is a union; many of its members were QPSI employees. As part of the transfer of QPSI's assets to Citicorp, a number of appellant's members lost their jobs. Prior to Citicorp's foreclosure, QPSI had entered into collective bargaining agreements with appellant.

Appellant brought this action against QPSI for violations of the collective bargaining agreement[1] and against Citicorp and BG & A on a federal common law theory of tortious interference with a labor contract, pursuant to section 301 of the NLRA. On February 1, 1991, the district court granted summary judgment in favor of Citicorp and BG & A on the ground that it lacked subject-matter jurisdiction over appellant's claim.

## DISCUSSION

We review summary judgment orders de novo, using the same standards the district court applies. *Osgood v. State Farm Mut. Auto. Ins. Co.*, 848 F.2d 141, 143 (10th Cir.1988). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986).

Appellant asserts that the district court erred when it concluded that it lacked subject-matter jurisdiction under section 301 of the NLRA. Section 301(a) provides that

[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). Appellant argues that jurisdiction is proper under section 301 for suits alleging tortious interference with contractual relations, even when the parties to the suit are not signatory employers or labor organizations.

As both parties point out, a number of circuits have addressed this issue with differing results. The Third and Eleventh Circuits, and arguably the Eighth Circuit, have found that subject-matter jurisdiction under section 301 is appropriate even when the parties are not signatories to the contract. *See Hillard v. Dobelman*, 774 F.2d 886 (8th Cir.1985); *Local 472 of United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. v. Georgia Power Co.*, 684 F.2d 721 (11th Cir.1982); *Wilkes–Barre Publishing Co. v. Newspaper Guild of Wilkes–Barre, Local 120*, 647 F.2d 372, 379–81 (3d Cir.1981), *cert. denied*, 454 U.S. 1143, 102 S.Ct. 1003, 71 L.Ed.2d 295 (1982). However, the majority of circuits to address the issue have concluded that subject-matter jurisdiction is inappropriate. *See Service, Hosp., Nursing Home & Pub. Employees Union Local No. 47 v. Commercial Property Servs., Inc.*, 755 F.2d 499 (6th Cir.), *cert. denied*, 474 U.S. 850, 106 S.Ct. 147, 88 L.Ed.2d 122 (1985); *Carpenters Local Union No. 1846 v. Pratt–Farnsworth, Inc.*, 690 F.2d 489 (5th

---

1. This appeal concerns only appellees Citicorp and BG & A, and not the other defendants.

Cir.1982), *cert. denied,* 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983); *Loss v. Blankenship,* 673 F.2d 942 (7th Cir.1982); *Bowers v. Ulpiano Casal, Inc.,* 393 F.2d 421 (1st Cir.1968); *Aacon Contracting Co. v. Association of Catholic Trade Unionists,* 276 F.2d 958 (2d Cir.1960).

After examining the facts of this case and the reasoning of other circuits that have addressed this issue, we conclude that section 301 does not establish subject-matter jurisdiction for a federal common law claim of tortious interference against an entity that is not a signatory to the contract. In reaching this conclusion, we make two points. First, the plain language of section 301 does not support subject-matter jurisdiction. There is no collective bargaining agreement between the parties to the action. Thus, this action is not a "[s]uit[ ] for violation of contracts between an employer and a labor organization ... or between labor organizations." 29 U.S.C. § 185(a). Second, the circuits that have found subject-matter jurisdiction did so in situations factually distinguishable from this case.

None of the cases finding jurisdiction under section 301 involved a suit against a secured creditor of a signatory employer or the creditor's liquidating agent. In *Hillard,* an employee sued her supervisors for tortious interference with contract. The court noted that although the complaint named only the plaintiff's supervisors, the plaintiff was in reality suing her employer for violation of a collective bargaining agreement binding upon her employer. *Hillard,* 774 F.2d at 887. *Georgia Power* involved a suit by a union local against a company who contracted for services with contractors who employed union members. The suit alleged that the defendant sought to pressure the plaintiff's international union to violate its contract with the plaintiff. *Georgia Power,* 684 F.2d at 723, 725. In *Wilkes–Barre,* a plaintiff employer alleged that its competitor and certain unions tortiously induced the plaintiff's employees to breach their collective bargaining agreement. *Wilkes–Barre,* 647 F.2d at 380. To the extent that these cases are in conflict

with our holding today, we disapprove of them.

Appellant also contends that the Supreme Court's recent decision in *Wooddell v. International Bhd. of Elec. Workers, Local 71,* — U.S. ——, 112 S.Ct. 494, 116 L.Ed.2d 419 (1991), supports a finding of subject-matter jurisdiction. In *Wooddell,* the Supreme Court reaffirmed its holding in *Smith v. Evening News Ass'n,* 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962), "that § 301 suits were not limited to suits brought by the contracting parties and that an individual employee could sue under § 301 for violation of an employer-union contract." *Wooddell,* 112 S.Ct. at 499. In *Wooddell,* the Court held that "[i]ndividual union members, who are often the beneficiaries of provisions of collective-bargaining agreements, may bring suit on these contracts under § 301." *Id.* at 500. The Court reached this conclusion because "[i]f suit by an employee to enforce an interunion contract is not authorized by § 301 and the employee is remitted to state court and to state law, it is plain that the same contract terms might be given different meanings based solely on the identity of the party." *Id.*

*Wooddell* is distinguishable from the facts of this case. In this case, appellant's claim of tortious interference does not require examination of the terms of the collective bargaining agreement. Consequently, there is no danger that the terms of the collective bargaining agreement could be given different meanings. Therefore, the Supreme Court's decision in *Wooddell* does not govern this case.

Accordingly, the district court lacked subject-matter jurisdiction under section 301.

AFFIRMED.