**Joseph GOLDEN et al., Plaintiffs,**

v.

**KELSEY–HAYES COMPANY, Defendant.**

Civ. A. No. 93–74824.

United States District Court,
E.D. Michigan,
Southern Division.

March 15, 1995.

Kirk D. Messmer, Jay G. Swardenski, Matkov, Salzman, Madoff & Gunn, Chicago, IL, for Varity Corp.

Diane M. Soubly, Mark T. Nelson, Richard E. Rassel, Butzel Long, P.C., Detroit, MI, for Kelsey Hayes Co.

Roger J. McClow, Klimist, McKnight, Sale, McClow & Canzano, P.C., Southfield, MI, for Roger Farrar.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO AMEND

GADOLA, District Judge.

The court, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, 28 U.S.C. § 636(b)(1)(A), and LR 72.1(d)(1) (E.D.Mich. Jan. 1, 1992), having reviewed the magistrate judge's December 5, 1994 order granting plaintiffs' motion for leave to amend and having reviewed defendant's December 19, 1994 appeal filed thereto and plaintiffs' January 3, 1995 response in opposition to defendant's appeal, and being fully advised in the premises, finds that a portion of the magistrate judge's order is contrary to law. As a result, the court will affirm in part and reverse in part the magistrate judge's order granting plaintiffs' motion.

## I. Background

In their complaint, plaintiff retirees seek the reinstatement of certain medical benefits from defendant Kelsey–Hayes Company under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, for breach of a collective bargaining agreement and a welfare benefit plan. In their motion for leave to amend, plaintiffs seek to add several defendants and an additional count to their complaint. The court referred plaintiffs' motion to a magistrate judge for resolution. The magistrate judge granted plaintiffs' motion without prejudice to defendant's ability to test the legal and factual basis of the new claims following completion of discovery.

In its appeal of the magistrate judge's order, defendant contends that the court lacks subject matter jurisdiction under the LMRA over the proposed Count IV for tortious interference with a business relationship. In addition, defendant claims that any supplemental state law claim for tortious interference stated in Count IV is preempted by the LMRA and ERISA. As a result, defendant argues that amending the complaint to add Count IV would be futile.

## II. Leave to Amend

Rule 15(a) of the Federal Rules of Civil Procedure provides that after service of a responsive pleading, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave to amend shall be freely given when justice so requires." In determining whether to allow an amendment, the court may consider several factors including "undue delay in filing, lack of notice to the opposing party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the amendment." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 112 (6th Cir.1989), *cert. denied*, 494 U.S. 1091, 110 S.Ct. 1839, 108 L.Ed.2d 967 (1990). "It is well settled that the district court may

deny a motion for leave to amend a complaint if such complaint, as amended, could not withstand a motion to dismiss." *Neighborhood Dev. Corp. v. Advisory Council. on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980). In this instance, because the court finds that the proposed Count IV fails to state a legally cognizable claim for relief, allowing plaintiffs to add Count IV would be futile. As a result, the court will deny that portion of plaintiffs' motion in which they seek to add Count IV.

## III. Analysis

### A. Jurisdiction under the LMRA

■ In their proposed amended complaint, plaintiffs allege that jurisdiction for Count IV is predicated upon the LMRA and supplemental jurisdiction. Section 301 of the LMRA provides that

> [s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought· in any district court of the United States having jurisdiction of the parties.

29 U.S.C. § 185. Because the defendants named in the proposed Count IV, Varity Corporation and Towers Perrin Forster & Crosby, are not parties to the collective bargaining agreements being sued upon, defendant contends that the court lacks subject matter jurisdiction over this claim under the LMRA.

The Sixth Circuit has recognized that "courts have generally held that [section 301] creates federal jurisdiction only over parties to the contract being sued upon." *Metropolitan Detroit Bricklayers District Council v. J.E. Hoetger & Co.*, 672 F.2d 580, 583 (6th Cir.1982). In *Service, Hospital, Nursing Home, and Public Employees Union v. Commercial Property Services, `Inc.*, 755 F.2d 499, 506 (6th Cir.), *cert. denied*, 474 U.S. 850, 106 S.Ct. 147, 88 L.Ed.2d 122 (1985), the Sixth Circuit.held "that a district court does not have subject matter jurisdiction over a non-signatory to a collective bargaining agreement, where no rights or duties of the

non-signatory are stated in the terms and conditions of the contract." Other circuits are generally in agreement that non-parties to a labor contract cannot be sued under the LMRA. *See Bowers v. Ulpiano Casal, Inc.*, 393 F.2d 421, 423 (1st Cir.1968); *Aacon Contracting Co., Inc. v. Ass'n of Catholic Trade Unionists*, 276 F.2d 958 (2d Cir.1960); *International Union, ·UMWA v. Covenant Coal Corporation*, 977 F.2d 895 (4th Cir.1992); *Carpenters Local Union No. 1846 v. Pratt–Farnsworth, Inc.*, 690 F.2d 489, 502 (5th Cir.1982), *cert. denied*, 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983); *Loss v. Blakenship*, 673 F.2d 942, 946 (7th Cir.1982); *United Food and Commercial Workers Union v. Quality Plus Stores, Inc.*, 961 F.2d 904 (10th Cir.1992). *But see Wilkes–Barre Publishing Co. v. Newspaper Guild of Wilkes-Barre*, 647 F.2d 372 (3d Cir.1981), *cert. denied*, 454 U.S. 1143, 102 S.Ct. 1003, 71 L.Ed.2d 295 (1982); *Painting and Decorating Contractors Ass'n of Sacramento v. Painters and Decorators Joint Committee of the East Bay Counties, Inc.*, 707 F.2d 1067 (9th Cir.1983), *cert. denied*, 466 U.S. 927, 104 S.Ct. 1709, 80 L.Ed.2d 182 (1984). In this case, the defendants named in the proposed Count IV are nonsignatories to the collective bargaining agreements at issue and have no rights or duties stated in the terms and conditions of the contracts. As a result, the court lacks subject matter jurisdiction over Count IV under the LMRA.

### B. Supplemental Jurisdiction

■ Even if the LMRA does not provide a basis for jurisdiction, plaintiffs contend that Count IV is still viable as a state law claim based upon supplemental jurisdiction. However, the court finds that any state law claim presented in Count IV is preempted by the LMRA. In determining whether the LMRA preempts a state law claim, the court must determine whether the application of the state law would require the interpretation of a collective bargaining agreement. If such interpretation is required, then the state law claim is preempted. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413, 108 S.Ct. 1877, 1885, 100 L.Ed.2d 410 (1988).

■ In their amended complaint, it appears that plaintiffs have alleged a claim under Michigan law for tortious interference with a business relationship. In order to establish such a claim, plaintiffs must show

" '[1] the existence of a valid business relation (not necessarily evidenced by an enforceable contract) or expectancy; [2] knowledge of the relationship or expectancy on the part of the interferer; [3] an intentional interference inducing or causing a breach or termination of the relationship or expectancy; [4] and resultant damage to the party whose relationship or expectancy has been disrupted.' "

*Trepel v. Pontiac Osteopathic Hosp.*, 135 Mich.App. 361, 354 N.W.2d 341 (1984).

In this case, the "valid business relation" claimed by plaintiffs is defendant's alleged obligation under the collective bargaining agreements to provide them with medical benefits during their retirement. As such, an application of plaintiffs' state law claim would require the court to interpret the collective bargaining agreements in order to determine if plaintiffs had met the first and third elements of this particular cause of action.

In *DeCoe v. General Motors Corp.*, 32 F.3d 212 (6th Cir.1994), the Sixth Circuit recognized that

preemption is required when "resolution of [the plaintiff's] claim will not involve the direct interpretation of a precise term of the CBA, but ... will require a court to address relationships that have been created through the collective bargaining process and to mediate a dispute founded upon rights created by a CBA."

*Id.* at 218 (quoting *Jones v. General Motors Corp.*, 939 F.2d 380 (6th Cir.1991)). In this instance, the court will be required to not only interpret the particular terms of the collective bargaining agreements, but also it will be required to examine the relationships created between plaintiffs and defendant by the process leading to the various agreements. Only after doing so will the court be able to determine if there was a valid business relationship between the parties and whether that relationship was breached or terminated. *See Covenant Coal Corp.*, 977 F.2d at 899 (LMRA preempted Virginia state law claim of tortious interference). Under these circumstances, the court finds that any state law claim presented in the proposed Count IV would be preempted by the LMRA.[1]

## IV. Conclusion

Based upon its findings, the court does not have subject matter jurisdiction under the LMRA over plaintiffs' proposed Count IV. In addition, any state law claim presented is preempted by the LMRA. As a result, an amendment of the complaint by adding Count IV would be futile. Under these circumstances, the court will deny that portion of plaintiffs' motion for leave to amend involving the proposed Count IV. Apparently, defendant has no objection to the remaining portions of the magistrate judge's December 5, 1994 order regarding plaintiffs' motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the magistrate judge's December 5, 1994 order is **AFFIRMED** in part and **REVERSED** in part.

**IT IS FURTHER ORDERED** that plaintiffs' motion for leave to amend is **GRANTED** in part and **DENIED** in part as delineated in this order.

**SO ORDERED.**

---

1. Because the court has found that there is no jurisdiction under the LMRA and that the LMRA preempts the state law claim, it may appear that plaintiffs are left without a remedy. However, as pointed out by the court in *Covenant Coal*, plaintiffs are free to continue to seek relief from the other defendants for breach of the collective bargaining agreements. *Covenant Coal*, 977 F.2d at 899–90. As a result, this court's partial denial of plaintiffs' motion for leave to amend works no injustice.