Ervin B. JOHNSON, Plaintiff,

v.

HEALTH MANAGEMENT SYSTEMS OF AMERICA; Dennis Rice, V.P.; Dewight Vaughter; Laurel Hurite; Cigna Healthcare Incorporated; Arnold Braver; Value Behavior Health; Randy Tasco; and Jan Brody, Defendants.

No. CIV. A. 00–40005.

United States District Court, E.D. Michigan, Southern Division.

April 21, 2000.

Ervin B. Johnson, Detroit, MI, pro se.

Rachele L. Szot, C. John Holmquist, Jr., Dickinson, Wright, Detroit, MI, for Health Management Systems of America.

Francis H. Porretta, Harvey, Kruse, Troy, MI, for Cigna Healthcare.

Donald H. Robertson, Winegarden, Shedd, Flint, MI, for defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

GADOLA, District Judge.

Presently before this Court is *pro se* plaintiff Ervin B. Johnson's "motion to remand civil action to lower court" filed April 10, 2000. The Court, on March 29, 2000, struck plaintiff's previous motion seeking remand as being in violation of Local Rules 5.1 and 7.1 (E.D.Mich.1998) (requiring, *inter alia*, appropriate margins and that motions be accompanied by supporting briefs). *See* Mar. 29, 2000 Order to Strike Document(s). Defendants responded to plaintiff's prior motion to remand on February 22, 2000.

For the reasons set forth below, the Court finds that removal of the instant action is proper and, therefore, that remand is not warranted. Accordingly, plaintiff's motion will be **DENIED.**

### I. PROCEDURAL HISTORY

On December 6, 1999, plaintiff filed a "complaint for tortious interference" in Wayne County Circuit Court, State of Michigan (Case. No. 99–938154–CZ). On the same date, plaintiff filed an "amended complaint for tortious interference." The amended complaint contains three counts. Although the counts do not contain headings clearly indicating the causes of action alleged, it appears that Count I alleges a claim of tortious interference. Count II appears to allege a claim of fraud and/or "misuse of legal process." Lastly, Count III also appears to allege a claim of "misuse of legal process."

Defendants were served with a summons and a copy of the complaint on December 7, 1999. *See* plaintiff's brief, ¶ 2. On January 4, 2000, defendants filed their notice of removal, seeking to remove the instant action to the United States District Court for the Eastern District of Michigan. The notice of removal thus was filed within the 30–day period of limitation imposed by Section 1446(b), Title 28 of the United States Code. In the notice, defen-

dants invoke this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. Specifically, defendants assert that plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185.

## II. ANALYSIS

In plaintiff's motion to remand filed April 10, 2000, plaintiff raises the following three arguments in favor of remand: (1) that defendants failed to file their notice of removal in a timely manner; (2) that defendants failed to notify all parties involved of the removal from state court to federal court; and (3) that "[r]emoval of this case from [state court]...may cause hardship on proposed witnesses...traveling to Flint, Michigan to testify due to residency and work schedules." *See* plaintiff's brief, ¶¶ 2, 6, 7. Plaintiff cites no case law or any other legal authority in support of the above-enumerated three arguments.

In response, defendants argue that removal is proper pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. As stated above, defendants maintain that plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, because proof of these claims necessarily would require interpretation of a collective bargaining agreement. Defendants argue that when state law tort claims are "inextricably intertwined" with consideration of the terms of a labor contract, the state law claims are preempted by the LMRA. *See* defendants' brief (citing *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 211, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985)). Defendants have proffered the collective bargaining agreement (CBA) governing the terms of plaintiff's employment. *See* Exh. D to defendants' brief. The CBA was executed between defendant Health Management Systems of America and UAW Local 412 with an effective date of July 1, 1995. *See id.*

At the outset, this Court must address the issue of whether plaintiff's claims are preempted by the LMRA. Section 301 of that Act preempts any state law claims which require analysis of a collective bargaining agreement. According to the Act,

[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce...may be brought in any district court having jurisdiction of the parties....

29 U.S.C. § 185(a). In order to ensure uniformity and predictability in interpreting the meaning of collective bargaining agreements, the United States Supreme Court has held that state law "does not exist as an independent source of private rights to enforce collective bargaining contracts." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987). Accordingly, a claim brought in state court alleging a violation of a provision of a labor contract must be brought under Section 301 and resolved by reference to federal law. *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 209–10, 105 S.Ct. 1904, 1910–11, 85 L.Ed.2d 206 (1985) (holding that "in enacting § 301 Congress intended doctrines of federal labor law uniformly to prevail over inconsistent local rules") (citing *Teamsters Local 174 v. Lucas Flour Co.*, 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962)).

Notwithstanding the need for uniformity, the Supreme Court has recognized that not every dispute relating to employment, or tangentially involving a provision of a collective bargaining agreement, is preempted by Section 301. *Lueck*, 471 U.S. at 211, 105 S.Ct. at 1911. As the Court stated in *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988),

[Section] 301 pre-emption...says nothing about the substantive rights a State may provide to workers when adjudication of those rights does not depend upon the interpretation of such agreements....[E]ven if dispute resolution pursuant to a collective-bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts,

as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is "independent" of the agreement for § 301 pre-emption purposes.

*Id.* at 409–10, 108 S.Ct. 1877. Accordingly, state law claims involving labor-management relations may escape the preemptive reach of Section 301 only if such claims do not require a court to construe the terms of a collective bargaining agreement. *Id.* at 411, 108 S.Ct. 1877.

■ In the case at bar, plaintiff has brought a claim, in Count I, for "tortious interference" under state law. In Michigan, it is well-settled that to establish a prima facie claim of tortious interference a plaintiff must show: (1) the existence of a valid business relation; (2) knowledge of the relationship or expectancy on the part of the interferer; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted. *See Trepel v. Pontiac Osteopathic Hosp.,* 135 Mich.App. 361, 374, 354 N.W.2d 341 (1984). The Sixth Circuit has held that Section 301 of the LMRA preempts a state law claim of tortious interference with contractual relations where breach of the contract is a necessary element of the tortious interference claim. *See, e.g., Golden v. Kelsey–Hayes Co.,* 878 F.Supp. 1054 (E.D.Mich.1995) (Gadola, J.), *aff'd,* 73 F.3d 648 (6th Cir.1996).

■ In the instant case, there is no dispute that plaintiff's business relationship with defendant Health Management Systems of America was created and governed by the CBA between defendant and UAW Local 412. *See* Exh. D to defendants' brief. In order to determine whether plaintiff has established the first and third elements of his prima facie case of tortious interference, the Court must examine and interpret the governing CBA controlling the terms of plaintiff's employment. As such, plaintiff's claim of tortious interference is preempted under the LMRA. *See Morris v. Ambassador Nurs-*

*ing Home, Inc.,* 845 F.Supp. 1164, 1167 (E.D.Mich.1994) (Gadola, J.) (holding that the LMRA preempted plaintiff-employee's claim under Michigan law for tortious interference with contractual relations; breach of contract is an essential element of a tortious interference claim and resolution of such claim would require the court to interpret collective bargaining agreement to determine if that agreement had been breached).

■ With respect to Counts II and III, plaintiff appears to be alleging claims of fraud and/or abuse of legal process. Plaintiff has premised these upon the manner in which defendant Health Management Systems of America and the union carried out the grievance procedures defined by the CBA. Counts II and III thus do not allege claims independent of the CBA. Such claims implicate both procedural and substantive aspects of the CBA grievance provisions, and thus also fall within Section 301 preemption under the LMRA. *See Terwilliger v. Greyhound Lines, Inc.,* 882 F.2d 1033, 1037 (6th Cir.1989) (holding that former employee's state law claim of fraud brought against his former employer was preempted by Labor Management Relations Act).

In light of the foregoing, it is apparent that all plaintiff's claims asserted in his amended complaint are preempted by the LMRA. The Court will now turn to each of plaintiff's arguments presented in opposition to removal and in favor of remand.

Plaintiff first contends that defendants failed to file their notice of removal in a timely manner. This is clearly incorrect. By plaintiff's own admission in his brief, defendants were served with plaintiff's December 6, 1999 complaint on December 7, 1999. Pursuant to 28 U.S.C. § 1446(b), a notice of removal must be filed within 30 days after receipt by the defendant of the "initial pleading" setting forth plaintiff's claims for relief. In the words of the statute,

[t]he notice of removal of a civil action or proceeding *shall be filed within thirty*

*days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based,* or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (emphasis added). Given this rule, defendants had until *January 7, 2000* in which to file a notice of removal. Since defendants filed their notice of removal on *January 4, 2000,* three days prior to the deadline, the notice was timely filed. Plaintiff's first objection to removal is thus without merit.

Plaintiff next argues that defendants failed to notify all parties involved of the removal from state court to federal court. It is not clear to which parties plaintiff is referring. The notice of removal is signed by attorneys representing all named defendants. *See* Notice of Removal, p. 4. All named defendants thus were "notified" of the filing of the notice. Plaintiff could only be arguing that he *himself* was not notified of the filing of defendants' notice of removal on January 4, 2000. However, such an assertion is belied by the fact that on January 19, 2000 plaintiff filed his first motion seeking remand and objecting to removal. Accordingly, plaintiff's second claim attacking removal is also without merit.

Plaintiff's third and final objection to removal concerns the assertion that "[r]emoval of this case from [state court]...may cause hardship on proposed witnesses...traveling to Flint, Michigan to testify due to residency and work schedules." *See* plaintiff's brief, ¶ 7. No cases or other legal authority are cited in support of this argument. The Court is not persuaded by plaintiff's allegations of inconvenience. In essence, plaintiff is objecting to being required to try his case and call witnesses in Flint, rather than in Detroit, Michigan. The distance between these two cities, both within the Eastern District of Michigan, is not so great as to support plaintiff's claims of inconvenience. In sum, plaintiff has failed to raise any legitimate grounds which would warrant remand in the case at bar.

Accordingly, being fully advised in all the underlying premises,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand filed April 10, 2000 (Docket No. 39) is **DENIED.**

**SO ORDERED.**