**Billy N. CHADWICK, Plaintiff–Appellant,**

v.

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS; Local Union 617 International Brotherhood of Electrical Workers, Local Union No. 617, Defendants–Appellees.**

No. 00–16448.

D.C. No. CV–99–04040–CAL.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001.*

Decided May 31, 2001.

Before PREGERSON, FERNANDEZ, and WARDLAW, Circuit Judges.

MEMORANDUM **

Billy N. Chadwick appeals pro so the district court's denial of his motion to remand to state court for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review the denial of a motion to remand an action to state court for want of removal jurisdiction de novo. *Young v. Anthony's Fish Grottos, Inc.,* 830 F.2d 993, 996 (9th Cir.1987).

The district court had subject matter jurisdiction over Chadwick's cause of action. Section 301 of the Labor Management Relations Act gives federal district courts jurisdiction over "suits for violation of contracts between an employer and a

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

labor organization." 29 U.S.C. § 185(a). Union constitutions are contracts between labor organizations within the meaning of Section 301. *Wooddell v. IBEW, Local 71,* 502 U.S. 93, 99–100, 112 S.Ct. 494, 116 L.Ed.2d 419 (1991).

Chadwick's claim for denial of union membership requires the interpretation of the IBEW constitution and is completely preempted by Section 301. *See Associated Builders & Contractors, Inc. v. IBEW Local 302,* 109 F.3d 1353, 1356 (9th Cir.1997). Chadwick's suit therefore arises under federal law and was removable to the district court. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 23–24, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

AFFIRMED.