WOODDELL *v.* INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS, LOCAL 71, ET AL.

No. 90–967.   Argued October 16, 1991—Decided December 4, 1991

WHITE, J., delivered the opinion of the Court, in which all other Members joined, except THOMAS, J., who took no part in the consideration or decision of the case.

*Theodore E. Meckler* argued the cause for petitioner. With him on the briefs were *Paul Alan Levy* and *Alan B. Morrison.*

*Frederick G. Cloppert, Jr.,* argued the cause for respondents. With him on the brief were *Michael J. Hunter* and *Russell E. Carnahan.* *

JUSTICE WHITE delivered the opinion of the Court.

We have before us two questions: whether a union member who sues his local union for money damages under Title I of the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA), 73 Stat. 519, as amended, 29 U. S. C. § 401 *et seq.,* is entitled to a jury trial, and whether under § 301(a) of the Labor-Management Relations Act, 1947 (LMRA), 61 Stat. 156, 29 U. S. C. § 185(a),[1] the District Court had jurisdiction over the breach-of-contract suit brought in this case by a union member against his local union.

I

Petitioner is a member of Local 71 of the International Brotherhood of Electrical Workers (IBEW). In the wake of a dispute arising out of petitioner's opposition to an announced dues increase and to the appointment of a union representative, the respondent president of the local (petitioner's brother) filed internal disciplinary proceedings against petitioner. No decision was finally rendered on the charges. Later, petitioner alleges, the union discriminated against him in job referrals in the operation of a hiring hall provided for in Local 71's collective-bargaining contracts with electrical contractors. Petitioner brought suit against

---

*Steven R. Shapiro, John A. Powell,* and *Helen Hershkoff* filed a brief for the Association for Union Democracy et al. as *amici curiae* urging reversal.

[1] Section 301(a) states: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in the Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U. S. C. § 185(a).

the local and its officers in the United States District Court. Petitioner's complaint alleged violation of his rights protected by the LMRDA in that he had been discriminated against in job referrals because of his opposition to proposed union policy; violation of his right to a fair hearing under the LMRDA; violations of the IBEW Constitution and the by-laws of Local 71, which were alleged to constitute breaches of contract redressable under § 301 of the LMRA and state law; breach of the duty of fair representation redressable under § 301; and pendent state-law claims alleging interference with contractual relations and intentional infliction of emotional distress. Petitioner sought injunctive relief, lost wages and benefits, additional compensatory damages, punitive damages, and attorney's fees. App. 14–15.

In the course of acting on two summary judgment motions filed by defendants, the District Court dismissed all claims against all defendants. The Court of Appeals reversed the dismissal of the LMRDA free speech-job discrimination claim but otherwise affirmed the District Court, including its holding that petitioner had no right to have his LMRDA claim tried to a jury. Judgt. order reported at 907 F. 2d 151 (CA6 1990). With respect to the § 301 breach-of-contract claim, the Court of Appeals relied on prior Circuit precedent[2] in holding that § 301 did not authorize such an action to be brought by an individual union member. We granted certiorari to address both the jury trial and the § 301 issues. 498 U. S. 1082 (1991).

---

[2] *Trail* v. *Teamsters*, 542 F. 2d 961 (CA6 1976). Other Courts of Appeals that have addressed this issue since *Plumbers and Pipefitters* v. *Plumbers and Pipefitters, Local 334*, 452 U. S. 615 (1981), have reached a contrary conclusion. See, *e. g., DeSantiago* v. *Laborers Int'l Union of North America, Local No. 1140*, 914 F. 2d 125 (CA8 1990); *Pruitt* v. *Carpenters Local Union No. 225*, 893 F. 2d 1216 (CA11 1990); *Lewis* v. *International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local Union No. 771*, 826 F. 2d 1310 (CA3 1987); *Kinney* v. *International Brotherhood of Electrical Workers*, 669 F. 2d 1222 (CA9 1981).

## II

We first address the jury trial issue. The case below was briefed and argued before our decision in *Teamsters* v. *Terry,* 494 U. S. 558 (1990). Although *Terry* was handed down on March 20, 1990, well before the decision of the Court of Appeals for the Sixth Circuit, the decision below neither cites nor discusses *Terry.*

To determine whether a particular action will resolve legal rights, and therefore give rise to a jury trial right, we examine both the nature of the issues involved and the remedy sought. *Id.,* at 565. " 'First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature.' " *Ibid.,* citing *Tull* v. *United States,* 481 U. S. 412, 417–418 (1987). The second inquiry is the more important in our analysis. *Terry, supra,* at 565, citing *Granfinanciera, S. A.* v. *Nordberg,* 492 U. S. 33, 42 (1989).

In *Terry,* we applied settled principles of Seventh Amendment interpretation to a claim for an employer's breach of a collective-bargaining agreement under § 301 and the union's breach of the duty of fair representation. Generally, an award of money damages was the traditional form of relief offered in the courts of law. *Terry, supra,* at 570, citing *Curtis* v. *Loether,* 415 U. S. 189, 196 (1974). Because we found that the damages sought were neither analogous to equitable restitutionary relief, *Tull,* 481 U. S., at 424, nor incidental to or intertwined with injunctive relief, *ibid.,* we concluded that the remedy had none of the attributes required for an exception to the general rule, and thus found the remedy sought to be legal. *Terry, supra,* at 570, 571.

Petitioner contends that, although he seeks injunctive relief as well as damages, the injunctive relief is incidental to the damages, and not vice versa, and that his claim for lost wages cannot be treated as restitutionary incident to an

order reinstating him to a job from which he has been terminated, as the damages sought are for pay for jobs to which the union failed to refer him. Also, this Court has recently held that actions under the LMRDA are closely analogous to personal injury actions, *Reed* v. *United Transportation Union*, 488 U. S. 319, 326–327 (1989). A personal injury action is of course a prototypical example of an action at law, to which the Seventh Amendment applies.

We agree with petitioner and hold that petitioner was entitled to a jury trial on the LMRDA cause of action, and we note that respondents now concede that *Terry* controls this case. Accordingly, we reverse the judgment below on this issue.

### III

Whether the subject-matter jurisdiction conferred on the district courts by §301 extends to suits on union constitutions brought by individual union members is strongly disputed by respondents. We agree with petitioner on this issue, however.

In *Smith* v. *Evening News Assn.*, 371 U. S. 195, 198 (1962), we held that the word "between" in §301 refers to "contracts," not "suits," *id.*, at 200–201. Hence, a suit properly brought under §301 must be a suit either for violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce or for violation of a contract between such labor organizations. No employer-union contract is involved here; if the District Court had §301 subject-matter jurisdiction over petitioner's suit against his union, it is because his suit alleges a violation of a contract between two unions,[3] and because §301 is not

---

[3] The §301 issue is stated as follows by both petitioner and respondents: "Does section 301 of the Labor-Management Relations Act create a federal cause of action under which a union member may sue his union for a violation of the union constitution?" Brief for Petitioner i; Brief for Respondents i. As the text makes clear, the answer to that question is in the

limited to suits brought by a party to that contract, *i. e.*, because one in petitioner's position may properly bring such a suit.[4]

The first of the two requirements is governed in part by *Plumbers and Pipefitters* v. *Plumbers and Pipefitters, Local 334*, 452 U. S. 615 (1981). In that case a local union sued the international union of which it was a part. The claim was that the international had violated a specific provision of its own constitution by ordering the consolidation of nine local unions into two. The issue was whether that constitution was a contract between labor organizations within the meaning of § 301.

Since union constitutions were at the time of enactment of Taft-Hartley (and remain) probably the most commonplace form of contract between labor organizations, we concluded that Congress would not likely have used the unqualified term "contract" without intending to encompass union constitutions. *Id.*, at 624. Certainly Congress could conclude that the enforcement of the terms of union constitutions would contribute to labor stability, and that § 301 should be enacted to provide

> "*federal* jurisdiction for enforcement of contracts made by labor organizations to counteract jurisdictional defects in many state courts that made it difficult or impossible to bring suits against labor organizations by reason of their status as unincorporated organizations." *Ibid.* (emphasis in original).

---

affirmative, but only if it is charged that the breach alleged violates a contract between two labor organizations.

[4] Of course, for petitioner to bring suit, he must have personal standing. As the case comes to us, however, the sole issue is whether a suit by a union member alleging a violation of a contract between two unions is within the subject-matter jurisdiction conferred by § 301. Petitioner's standing to bring the suit is not disputed before this Court.

Therefore, we held, the suit by the local union was for a violation of a contract between two unions within the meaning of § 301.

It is clear in this case that petitioner charged a violation of a contract between two unions within the meaning of § 301.[5] His amended complaint alleged that the constitution of the IBEW requires "all Local Unions to live up to all collective bargaining agreements" and that the IBEW Constitution and the bylaws of Local 71 "are contracts which are binding upon Local 71."[6] App. 12–13. In its amended answer, Local 71 admitted these allegations, *i. e.*, conceded that it had promised to comply with the collective-bargaining contracts. Petitioner also alleged generally that the defendants had breached the above-mentioned contracts; more specifically, he alleged that he had been discriminated against in hiring-hall job referrals, contrary to the applicable collective-bargaining agreements and contrary to the IBEW Constitution.

Nevertheless, respondents submit that § 301 jurisdiction reaches only suits by the parties to the interunion contract; third-party suits seeking to enforce a violation of the contract are beyond the jurisdictional grant. *Smith* v. *Evening News*, however, is to the contrary. There an individual employee brought suit against his employer to enforce a collective-bargaining contract between the employer and the union collective-bargaining agent. We held that § 301 suits

---

[5] It is not disputed that the IBEW, as well as Local 71, is a labor organization representing employees in an industry affecting commerce.

[6] The Joint Appendix 21–41 sets out selected provisions of the IBEW Constitution. Included is a section entitled "Rules for Local Unions." Among the 23 rules prescribed, in addition to the rule requiring local unions to honor their contracts, is a rule requiring IBEW approval of all bylaws adopted and all agreements entered into by local unions. There is a reference in these rules to a "charter" of a local union, but if Local 71 has a charter or a constitution, or both, neither is a part of the record in this case. The complaint refers to bylaws of the local, but the record also omits setting out the relevant bylaws.

were not limited to suits brought by the contracting parties and that an individual employee could sue under § 301 for violation of an employer-union contract. We noted:

> "The rights of individual employees concerning rates of pay and conditions of employment are a major focus of the negotiation and administration of collective bargaining contracts. Individual claims lie at the heart of the grievance and arbitration machinery, are to a large degree inevitably intertwined with union interests and many times precipitate grave questions concerning the interpretation and enforceability of the collective bargaining contract on which they are based." 371 U. S., at 200.

In concluding that the employee's suit was one provided for by § 301, we observed that under a contrary holding there would be "'[t]he possibility that individual contract terms might have different meanings under state and federal law [which] would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements.'" *Id.*, at 200–201, quoting *Teamsters* v. *Lucas Flour Co.*, 369 U. S. 95, 103 (1962).

Similar considerations bear on this case. Congress expressly provided in § 301(a) for federal jurisdiction over contracts between an employer and a labor organization *or between labor organizations*. Collective-bargaining agreements are the principal form of contract between an employer and a labor organization. Individual union members, who are often the beneficiaries of provisions of collective-bargaining agreements, may bring suit on these contracts under § 301. Likewise, union constitutions are an important form of contract between labor organizations. Members of a collective-bargaining unit are often the beneficiaries of such interunion contracts, and when they are, they likewise may bring suit on these contracts under § 301.

If they could not, unacceptable consequences could ensue. There is no doubt that IBEW could sue under § 301 to enforce Local 71's contract with IBEW and there is no doubt that such a suit would be governed by federal law. If suit by an employee to enforce an interunion contract is not authorized by § 301 and the employee is remitted to state court and to state law, it is plain that the same contract terms might be given different meanings based solely on the identity of the party. This would exert the disruptive influence our cases have spoken of.

Respondents contend that construing § 301 as we do signals an unwarranted intrusion on state contract law that Congress could not have intended. It is argued that the federalization of the law of union-member relationships should be limited to the specific provisions found in the LMRDA. But if § 301, fairly construed and absent a later statute such as the LMRDA, covers the suit we now have before us, we should reach that result even with the appearance of a later statute such as the LMRDA unless there is some more persuasive reason derived from the later legislation itself that Congress intended to narrow the reach of § 301. We are unable to discern any satisfactory basis for implying such a partial repeal of that section.

Neither are we impressed by respondents' submission that our construction of § 301 will result in the inundation of the federal courts with trivial suits dealing with intraunion affairs. While we are not persuaded that this argument should affect our interpretation of the language of the statute in any event, we find it unconvincing. As respondents must be aware, the interpretation we adopt today has been the law in a number of Federal Circuits for some time and was adopted 10 years ago by the Court of Appeals for the Ninth Circuit in a case specifically involving the IBEW Constitution. See *Kinney* v. *International Brotherhood of Electrical Workers*, 669 F. 2d 1222 (1981). See also, *e. g.*, *DeSantiago* v. *Laborers Int'l Union of North America*,

*Local No. 1140*, 914 F. 2d 125 (CA8 1990); *Pruitt* v. *Carpenters Local Union No. 225*, 893 F. 2d 1216 (CA11 1990); *Lewis* v. *International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local Union No. 771*, 826 F. 2d 1310 (CA3 1987). Respondents have pointed to no evidence of the federal courts' being overwhelmed by trivial litigation in this area of the law.

We express no view on the merits of petitioner's claims for breach of contract. We need only decide here that the courts below erred in holding that federal jurisdiction under § 301(a), based on the alleged violation of a contract between labor organizations, is unavailable when an individual union member brings suit against his or her union.

The judgment of the Court of Appeals is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

JUSTICE THOMAS took no part in the consideration or decision of this case.