14 F.3d 596
 145 L.R.R.M. (BNA) 2512, 127 Lab.Cas. P 10,954
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James L. SANFORD, Plaintiff-Appellant,
v.
MOVING PICTURE MACHINE OPERATORS' PROTECTIVE UNION, Local
No. 224; Clarence Crews, President, Moving
Picture Machine Operators' Protective
Union, Local No. 224,
Defendants-Appellees.
 No. 93-1128.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 15, 1993.
Decided Dec. 22, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge.
 W. James Young, Rossie D. Alston, Jr., Glenn M. Taubman, National Right to Work Legal Defense Foundation, Inc., Springfield, VA, for appellant.
 William W. Osborne, Jr., Richard W. Gibson, Beins, Axelrod, Osborne, Mooney & Green, P.C., Washington, D.C., for appellees.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS, WILKINSON, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 James L. Sanford appeals from the district court's order denying his request for attorney's fees and costs incurred as a result of the Defendants' removal of Sanford's suit pursuant to 28 U.S.C.A. Sec. 1447(c) (West Supp.1993). In May 1992, Sanford filed suit against the Moving Picture Machine Operators Protective Union Local No. 224, and its President, in Virginia state court seeking permanent injunctive relief for violations of the Virginia Right to Work law.[1] Sanford alleged that he was fined by the Union for working for a non-union employer within the "jurisdiction" of Local 224. Such conduct, according to Sanford, violated his right to work under Virginia law.
 
 
 2
 The Defendants filed a Notice of Removal in the district court; they claimed that the validity of the sanction imposed upon Sanford by the union was governed exclusively by federal law. Sanford then filed a motion to remand the case back to state court. After a hearing on the matter, the district court granted Sanford's motion to remand, finding that "Congress has expressly stated that such Right to Work Laws are not preempted by federal labor law," citing 29 U.S.C. Sec. 164(b) (1988); Retail Clerks Int'l Assoc. v. Schermerhorn, 375 U.S. 96 (1963). The district court denied Sanford's motion for Fed.R.Civ.P. 11 sanctions but gave him ten days to file his request for attorney's fees and costs under 28 U.S.C.A. Sec. 1447(c). From the district court's order denying Sanford's petition for costs, Sanford appeals.
 
 
 3
 An order remanding a case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.A. Sec. 1447(c). The district court's decision in this regard is reviewed for abuse of discretion. See Morgan Guar. Trust Co. v. Republic of Palau, 971 F.2d 917, 924 (2d Cir.1992) (section 1447(c) "affords a great deal of discretion and flexibility to the district courts in fashioning awards of costs and fees."). Our review of the record and the district court's opinion reveals that the district court did not abuse its discretion. Sanford contends that the district court erred by applying the former bad faith requirement in denying the petition.[2] However, the Fifth Circuit has recently held that, notwithstanding the 1988 amendment, "the propriety of the defendant's removal continues to be central in determining whether to impose fees." Miranti v. Lee, --- F.2d ----, No. 92-3576 (5th Cir. Oct. 17, 1993), slip op. at 8. The court noted that despite the language in Morgan Guaranty to the contrary, the award of attorney's fees in that case was affirmed only after finding some fault with the defendant's decision to remove to federal court. Id., slip op. at 8. Here, the Union had at least a colorable claim of federal jurisdiction based on the Supreme Court's decision in Wooddell v. IBEW Local 71, 60 U.S.L.W. 4024 (U.S.1991) (subject matter jurisdiction conferred on district courts by Sec. 301(a) of the Labor-Management Relations Act (29 U.S.C. Sec. 185(a) (1988)) extends to suits on union constitutions brought by individual union members). For these reasons, we find that the district court did not abuse its discretion in declining to award attorney's fees, and we consequently affirm its order. We deny Sanford's motion to strike a portion of Appellees' brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 Va.Code Ann. Sec. 40.1-58 to 69 (Michie 1993)
 
 
 [2]
 Section 1447(c) was amended in 1988 to remove the requirement that a case have been "removed improvidently" to justify an award of attorney's fees. This amendment removed the so-called"bad faith" requirement