The **BALTIMORE MAILERS UNION NO. 888**

v.

Thomas C. **MOORE;**

The **BALTIMORE MAILERS UNION NO. 888**

v.

John W. **DWYER;**

The **BALTIMORE MAILERS UNION NO. 888**

v.

Steven B. **HUNT, Sr.;**

The **BALTIMORE MAILERS UNION NO. 888**

v.

Steve W. **KAMETLER;**

The **BALTIMORE MAILERS UNION NO. 888**

v.

Gregory **HASKINS;**

The **BALTIMORE MAILERS UNION NO. 888**

v.

Joseph R. **KEATON.**

Civ. Nos. S 95–877, S 95–878, S 95–879, S 95–880, S 95–881 and S 95–882.

United States District Court, D. Maryland.

April 6, 1995.

---

Patrick J. Symanski, Baptiste & Wilder, P.C., Washington, DC, for plaintiff.

Howard K. Kurman, Owings Mills, MD, for defendants.

## MEMORANDUM OPINION

SMALKIN, District Judge.

These are six cases in which the plaintiff union has sued in the District Court of Maryland for Baltimore City, a state small-claims court, various of its members for relatively small amounts of back dues. The six cases were removed here by an attorney representing the six individual defendant union members. The removal was predicated on the existence of federal jurisdiction under Section 301 of the Labor–Management Relations Act (LMRA), 29 U.S.C. § 185. (Of course, there is neither complete diversity nor the requisite amount in controversy to support jurisdiction under 28 U.S.C. § 1332.) The subject matter jurisdiction of this Court is said to arise from the fact that the complaints recite that the defendants' failure to pay dues violates, *inter alia*, the international union's constitution.

Having been called upon to show cause why the cases should not be remanded, defendants' counsel has pointed out that the Supreme Court has recognized a union constitution as a contract between labor organizations upon which a suit under Section 301 may be maintained. *Wooddell v. Electrical Workers*, 502 U.S. 93, 112 S.Ct. 494, 116 L.Ed.2d 419 (1991). In *Wooddell*, the Court allowed an individual union member, as third party beneficiary plaintiff, to sue for breach of a union constitution. 502 U.S. at 98 n. 3, 112 S.Ct. at 498 n. 3.

Defendants' reading of *Wooddell* is correct, so far as it goes. *Wooddell* however, only goes down a one-way street. That is, it was uniformly held before *Wooddell* was decided that Section 301 does not confer federal jurisdiction over suits seeking contract damages against an individual member for breach of, *e.g.*, a union constitution. *Bldg. Material & D. TR. DR., Local 420 v. Traweek*, 867 F.2d 500, 508 (9th Cir.1989). The same result has been reached post-*Wooddell*. *Shea v. McCarthy*, 953 F.2d 29, 32 (2d Cir.1992) (holding that only *equitable* claims may be asserted against individual members in suit by union for breach of union constitution). *See*, to the same effect, *United Food & Commercial Wkrs. Local 951 v. Mulder*, 812 F.Supp. 754, 757 (W.D.Mich.1993).

In that *Wooddell* did not open up a two-way street for contract damages claims against union members, such as for a member's failure to pay dues, this Court lacks federal subject matter jurisdiction, and these cases will be remanded, pursuant to 28 U.S.C. § 1447(c), with costs awarded to plaintiff.