**Phyllis STEWART, et al.**

v.

**THE BALTIMORE TEACHERS UNION.**

**No. CIV. JFM–02–3801.**

United States District Court,
D. Maryland.

Feb. 3, 2003.

trolled by Kaiser Permanente, and/or WHC and/or the ambulance company, not by MGH.

Marnitta L. King, Blair and Lee PC, College Park, MD, for plaintiff.

W. Michael Pierson, Pierson and Pierson, Baltimore, MD, for defendant.

## MEMORANDUM

MOTZ, District Judge.

Plaintiffs, three members of the Baltimore Teachers Union ("BTU"), seek an order from this court requiring a re-run election for officers of the BTU Teachers Chapter. Plaintiffs contend that they were denied the right to vote in the election of Teachers Chapter officers that occurred on May 22, 2002.[1] The action was originally instituted in the Circuit Court for Baltimore City and was removed to this court by BTU on the ground that plaintiffs' claim arises under § 301 of the Labor Management Relations Act, ("LMRA"), 29 U.S.C. § 185.[2]

BTU has filed a motion to dismiss. The motion will be granted.

This case is related to an earlier action filed in this court concerning the election about which plaintiffs here complain. In the earlier action, I canceled the "Extended Voting" option in the Teachers Chapter Executive Board election. That option had been created by Johnnie Landon, the Election Administrator employed by the incumbent Executive Board. The Board was headed by Sharon Blake, the incumbent president of the Teachers' Chapter. The insurgent candidates for president asserted that the Extended Voting option

1. Plaintiffs seek class certification. Their request is moot in light of my granting of BTU's motion to dismiss.

2. Although plaintiffs have not formally filed a motion to remand, their opposition to defendants' motion to dismiss reflects that they seek remand of this action to the Circuit Court for Baltimore City. If they are seeking a remand, their position is without merit. The allegations in their complaint make clear that their claim is based upon the constitution of the American Federation of Teachers which undisputably is a labor organization within the meaning of the Labor Management Relations Act. Therefore, this court does have jurisdiction. *See Wooddell v. Int'l Bhd. of Elec. Workers,* 502 U.S. 93, 101, 112 S.Ct. 494, 116 L.Ed.2d 419 (1991).

was illegal and, after the incumbents refused to rescind it, filed an action in this court seeking its cancellation. I set a hearing on a motion for preliminary injunction based upon the representation of the incumbent Election Board's counsel, Neal Janey, that the hearing date would not be too late for the Extended Voting option to be canceled in the event that I ruled in favor of the insurgents. At the hearing, I found that the Extended Voting option was illegal and granted a preliminary injunction requiring that the election go forward without the option.

When I announced my decision to cancel the Extended Voting option, the attorney for the insurgent candidates requested that the election be postponed. I found this suggestion to have merit and suggested that the incumbent Executive Board headed by Ms. Blake postpone the election. The incumbent Board refused to do so.

In the ensuing election, the insurgents prevailed. Thereafter, Mr. Landon, the same Election Administrator who had created the unlawful Extended Voting option, issued a decision opining that the election was invalid because members were denied their right to vote as a result of the cancellation of the Extended Voting option. Mr. Janey urged the union should give effect to Mr. Landon's decision. When the BTU refused to do so, plaintiffs filed this suit. Plaintiffs support their opposition to BTU's motion to dismiss with the affidavit of Sharon Blake, the defeated president.

Against this background, even if there were underlying merit in plaintiffs' claims, they would not be entitled to equitable relief. *See Marshall v. Local 1010, United Steelworkers of America, AFL–CIO, CLC,* 664 F.2d 144, 152 (7th Cir.1981); *Donovan v. Local 6, Washington Teachers' Union, AFL–CIO,* 747 F.2d 711, 716 (D.C.Cir. 1984); *Dole v. Local Union 226, Hotel & Restaurant Employees,* 718 F.Supp. 1479,

1485–86 (D.Nev.1989). In any event, there is no merit to plaintiffs' position.

■ First, their claim under the constitution of the American Federation of Teachers fails because the members of the union were given entirely adequate notice of the time and date of the election. The subsequent notifications concerning the Extended Voting option were not "election notices" within the Labor–Management Reporting and Disclosure Act because they were not mailed to members' homes. 29 CFR § 452.99. Moreover, the union members were consistently notified that the date of the election remained May 22, 2002, the date originally set.

Second, although plaintiffs assert that the election was conducted in violation of the BTU constitution, they have not identified any specific provision of that constitution alleged to have been violated.

■ Third, plaintiffs' claim that BTU violated the fiduciary duty fails because, as I have indicated, BTU did not act improperly in going forward with the election after the Extended Voting option was canceled. Indeed, the union was simply obeying my injunction. Furthermore, there is no basis under either Maryland or federal law to support a breach of fiduciary context claim in this context. Maryland law is clear that there is no free-standing, independent tort for breach of fiduciary duty. *See Kann v. Kann,* 344 Md. 689, 713, 690 A.2d 509, 521 (1997). Likewise, the concurring opinion of Judge Murnaghan in *Beck v. Communications Workers of America,* 800 F.2d 1280 (4th Cir.1986) (*en banc*) would not create any fiduciary duty in this context. Indeed, Judge Murnaghan specifically noted that "[a] union's duty of fair representation extends only to the union's conduct in representing employees in dealing with the employer." 800 F.2d at 1286.

**380**

Fourth, to accept plaintiffs' failure to exhaust argument would turn the law upon its head. What plaintiffs seek to do is to require BTU to follow the opinion issued by Mr. Landon, who created the unlawful Extended Voting option in the first place. Moreover, under the terms of the constitution of the BTU, the power of an Election Administrator to decide election challenges depends upon referral by BTU's Secretary. The Secretary did not refer the challenge made here to Mr. Landon but to an Election Committee. Ms. Blake's self-serving affidavit does not establish that Mr. Landon was authorized by the Committee to issue the decision he did.

A separate order effecting the rulings made in this memorandum is being entered herewith.

### ORDER

For the reasons stated in the accompanying memorandum, it is, this 3rd day of February 2003

ORDERED

1. Plaintiffs' request that this action be remanded to the Circuit Court for Baltimore City, Maryland be denied;

2. Defendants' motion to dismiss be granted; and

3. This action is dismissed.