**Lawrence MOORE, Plaintiff— Appellant,**

v.

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKER, LOCAL 6, Defendant—Appellee.**

No. 02–16485.

D.C. No. CV–01–03733–CRB.

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2003.*

Decided Aug. 7, 2003.

Before CHOY, FARRIS, and LEAVY, Circuit Judges.

## MEMORANDUM**

Lawrence Moore, proceeding pro se, appeals the judgment of the district court granting summary judgment to defendants. We have jurisdiction pursuant to 28 U.S.C. § 1291, and, upon de novo review, we affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

Moore asserts that the district court erred in dismissing his claims that the defendants violated the First and Fifth Amendments to the United States Constitution. The district court did not err in

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

concluding that the defendant union and its individual officials are not state actors. Therefore, Moore's claims alleging constitutional violations are not actionable. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936–37, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982).

■ Moore asserts that the district court erred in dismissing his claims against individual union officers for breach of contract and breach of duty of fair representation pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. The district court did not err in concluding that Section 301 provides the basis for an action for breach of contract or breach of the duty of fair representation only against a union as an entity. *See Carter v. Smith Food King*, 765 F.2d 916, 920–21 (9th Cir.1985).

Moore asserts that the district court erred in dismissing his claims for fraud and intentional infliction of emotional distress. The district court did not err in concluding that Moore's claims were state law claims which are preempted by Section 310 of the LMRA. *See id.* at 921.

■ Moore asserts that the district court erred in granting summary judgment for Local 6 on Moore's claims for breach of contract and breach of the duty of fair representation. Moore argues that Local 6 breached the IBEW constitution and the collective bargaining agreement by taking dues and pay from Moore, but not giving him a voice or vote on how those funds are spent. The district court did not err in determining that Moore did not state a claim as a union nonmember under *Communications Workers of America v. Beck*, 487 U.S. 735, 108 S.Ct. 2641, 101 L.Ed.2d 634 (1988). Moore is a voluntary, longtime union member of International Brotherhood of Electrical Workers ("IBEW"). Moore worked for period of time through Local 6 of the IBEW in San Francisco, but did not become a member of that local. However, at all times, Moore remained a member of IBEW. As such, he is not a "nonmember" similar to the non-union employee plaintiffs in *Beck*.

Moore has also failed to state a claim for violation of the union's constitution under *Woodell v. IBEW, Local 71*, 502 U.S. 93, 112 S.Ct. 494, 116 L.Ed.2d 419 (1991). The IBEW constitution sets forth specific provisions regarding the rights and duties of a union member working in a different local union. Moore has failed to show that the IBEW constitution was violated regarding his choice to work through Local 6 in 1998 and 2000.

■ Both the breach of duty of fair representation and breach of contract claims are governed by the six-month statute of limitations period in section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). *See Moore v. Local 569 of the IBEW*, 989 F.2d 1534, 1542 (9th Cir.1993). Moore worked through Local 6 in May and June 1998, and in March and April 2000. Moore should have known of any breach of the duty of fair representation or breach of contract when he completed the work through Local 6 ending in April 2000. Moore filed his complaint in October 2001. Therefore, the claims for breach of contract and breach of duty of fair representation are, in any event, time-barred.

Moore asserts that the district court erred in denying him additional discovery pursuant to Fed.R.Civ.P. 56(f). The district court did not err in concluding that Moore's request for additional discovery would not shed any light on Moore's legal claims or uncover facts precluding summary judgment. *United States Cellular Investment Company of Los Angeles, Inc. v. GTE Mobilnet, Inc.*, 281 F.3d 929, 939 (9th Cir.2002).

We have considered Moore's remaining arguments and find them to be without merit.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.