NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0712n.06
Filed: September 29, 2006

05-2414

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| RANDALL W. PEARSON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| UAW INTERNATIONAL UNION, UAW | ) | EASTERN DISTRICT OF MICHIGAN |
| LOCAL 140, ROY WYSE, and STEPHEN | ) | |
| YOKICH, jointly and severally, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: DAUGHTREY, COLE, and GIBBONS, Circuit Judges.

**PER CURIAM.** This case is before us on appeal for the second time, following a remand to the district court. It has a convoluted procedural history in both federal and state court, dating back to plaintiff Randall Pearson's removal from the office of president of UAW Local 140 in 1997. That history is set out at length in our prior opinion, *Pearson v. UAW Local 140*, No. 05-2414, 2004 WL 950189 (6th Cir. Apr. 28, 2004), and need not be recited here. There we concluded that the only remaining claim was based on Pearson's allegation that the union had breached its fiduciary duty to him during events surrounding his removal from office. *Id.* at ** 8. The fiduciary duty claim was originally included in a lawsuit that Pearson filed in state court, and it was removed to federal court by the defendants on the ground that the claim was preempted by Section 301 of the Labor

Management Relations Act. The district court agreed that the claim was preempted by federal law and dismissed it with prejudice. We find no error and affirm.

As to the alleged breach of fiduciary duty, the complaint simply asserted, without offering any legal basis, that "as standing members of the UAW International Union and Local 140, each defendant stood in a fiduciary relationship of trust to Plaintiff." When later asked in his deposition if he was aware of "any document that establishes a fiduciary duty between yourself and the International UAW," the plaintiff replied, "UAW constitution" and "Local bylaws." He then cited specifically to the articles and sections of the constitution that "established a fiduciary relationship or . . . the kind of duties between the International or the president of the International or the secretary/treasurer of the International to local union officers" tantamount to a fiduciary relationship and reiterated that he was "relying on [those provisions] in this lawsuit as [establishing] a fiduciary relationship." It is clear to us, as it was to the district court, that resolution of the claimed breach of fiduciary duty would, therefore, necessarily require analysis of the UAW constitution to determine whether there was a basis for the asserted fiduciary relationship. It follows that the state law claim was preempted by Section 301 and was properly subject to dismissal by the district court.

In our previous opinion, we noted the Supreme Court's long-standing rule that "[a] state law claim is preempted if resolution of the state law claim is substantially dependent on analysis of a § 301 contract." 2004 WL 950189, at **4, (citing *Allis-Chalmers v. Lueck*, 471 U.S. 202, 220 (1985)). The test for such preemption in this circuit is whether proof of

the state law claim would require the interpretation of collective bargaining agreement terms and, if so, whether the right claimed by the plaintiff is created by the collective bargaining agreement or by state law. *DeCoe v. Gen. Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994). "If the right both is borne [sic] of state law and does not invoke contract interpretation, then there is no preemption. However, if neither or only one criterion is satisfied, section 301 preemption is warranted." *Id.* We observed in *DeCoe* that "the court is not bound by the 'well-pleaded complaint' rule, but rather, looks to the essence of the plaintiff's claim, in order to determine whether the plaintiff is attempting to disguise what is essentially a contract claim as a tort." *Id.* Given this precedent, it is not surprising that in the first appeal in this case, we also affirmed the district court's dismissal of the plaintiff's claim for intentional infliction of emotional distress because that claim "would require a court to analyze the terms of the UAW constitution." 2004 WL 950189 at **6. *Cf. Tisdale v. United Ass'n of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the U.S. and Canada Local 704*, 25 F.3d 1308, 1310 (6th Cir. 1994) (observing that Section 301 of the Labor Management Relations Act has been interpreted to apply to intra-union suits requiring interpretation of union constitutions) (citing *United Ass'n of Journeymen v. Local 334*, 452 U.S. 615, 627 (1981), and *Wooddell v. Int'l Bhd. of Elec. Workers*, 502 U.S. 93, 100 (1991)).

Based on this analysis, we hold that the district court's ruling that the plaintiff's breach-of-fiduciary-duty claim is preempted by federal law was not error. The court correctly concluded that the claim requires analysis of the UAW constitution to determine

whether there was a fiduciary relationship to support the plaintiff's claim. Indeed, the plaintiff asserts in his brief on appeal to this court that "the UAW Constitution itself solidifies that fact that a fiduciary relationship exists." If the plaintiff has a remedy for the injury that he alleges was inflicted by the defendants, an issue upon which we offer no opinion, it cannot be based on the disputed state law claim asserted here.

The district court's order of dismissal is AFFIRMED.