**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2660
_____

FREDERICK STAMPONE,
                                            Appellant

v.

MATTHEW WALKER, Director of Operations; NEW
YORK CITY DISTRICT COUNCIL OF CARPENTERS; NORTHEAST
CARPENTERS FUNDS; GEORGE LAUFENBERG, Manager; NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS BENEFIT FUNDS
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-15-cv-06956)
District Judge:  Honorable Jose L. Linares
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 4, 2017
Before:  JORDAN, RESTREPO, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 8, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Frederick Stampone appeals from the order of the District Court dismissing his Third Amended Complaint. We will affirm in part, vacate in part, and remand for further proceedings.

## I.

Stampone is a member of the United Brotherhood of Carpenters and the New York City District Council of Carpenters, and he has participated in their pension benefit plans. He also has been a Certified Carpenter Steward. Stampone brought this civil action and ultimately filed a Third Amended Complaint against two groups of defendants, which we will refer to as the Pension Defendants and the Union Defendants.[1] Stampone asserted numerous claims, but they are based on two underlying allegations.

First, Stampone claims that the Pension Defendants have miscalculated his pension benefits. Stampone initially claimed that the Pension Defendants wrongfully advised him that he was ineligible for benefits because they had not vested. During this litigation, however, the Pension Defendants acknowledged that such advice resulted from an administrative error. They also advised Stampone of the pension payments he could expect and provided him with application forms to begin receiving them. Stampone, however, claims that the Pension Defendants have miscalculated his benefits and that he

---

[1] The Pension Defendants are the Northeast Carpenters Funds, its manager George Laufenberg, and the New York City District Council of Carpenters Benefits Funds. The Union Defendants are the New York City District Council of Carpenters and its Director of Operations, Matthew Walker. We refer to these two groups of defendants collectively for ease of reference and without suggesting that any particular defendant is responsible for any of the particular conduct alleged.

cannot retire (and thus cannot take his pension) unless the Pension Defendants will pay what he believes is the proper amount.

Second, Stampone claims that the Union Defendants wrongfully suspended his certification as a Steward for four months and that he lost employment opportunities as a result. Stampone further claims that they did so because he did not attend a meeting of which he was not notified and without giving him an opportunity to be heard.

On defendants' motions, the District Court dismissed Stampone's Third Amended Complaint with prejudice under Fed. R. Civ. P. 12(b)(6). The District Court construed Stampone's claim regarding his pension as arising in part under the Employee Retirement Income Security Act ("ERISA"), and it dismissed the claim to that extent on the ground that Stampone failed to plead that he exhausted his administrative remedies. The District Court also construed Stampone's claims regarding suspension of his Steward certification as arising in part under the Labor Management Relations Act ("LMRA") and in part under the Labor-Management Reporting and Disclosure Act ("LMRDA"). It dismissed Stampone's LMRA claim on the ground that he did not allege that the Union Defendants breached any provision of any governing document, and it dismissed his LMRDA claim on the ground that his status as a Steward was not protected under that Act. The District Court also dismissed Stampone's numerous other claims. Stampone appeals.[2]

---

[2] We have jurisdiction under 28 U.S.C. § 1291. Stampone states in his notice of appeal that he is appealing "all" of the District Court's orders, but he challenges only the dismissal of his claims and we thus need only address the dismissal of his Third Amended Complaint. "To survive a motion to dismiss, a complaint must contain

3

II.

We will vacate and remand for further proceedings on Stampone's ERISA claim but will affirm the District Court's judgment in all other respects.

A.    Stampone's ERISA Claim

ERISA allows a plan participant to bring a civil action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). ERISA does not contain a statutory exhaustion requirement, but courts generally will not entertain claims seeking benefits under an ERISA plan unless the plaintiff first exhausts administrative remedies available under the plan or shows that such exhaustion would be futile. See Harrow v. Prudential Ins. Co. of Am., 279 F.3d 244, 249 (3d Cir. 2002).

In this case, the District Court dismissed Stampone's ERISA claim on the sole ground that he failed to plead exhaustion. On appeal, the Pension Defendants likewise defend the dismissal of this claim on that sole ground. Neither the District Court nor the Pension Defendants, however, have cited any authority requiring a plaintiff to plead exhaustion in his or her complaint. To the contrary, all of the decision on which they rely addressed exhaustion at the summary judgment stage. See, e.g., id. at 247.

_____

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Susinno v. Work Out World Inc., 862 F.3d 346, 348 (3d Cir. 2017) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

4

We have not addressed whether an ERISA plaintiff must plead exhaustion in the complaint. There may be sound reasons for concluding that an ERISA plaintiff need not do so.[3] We need not decide the issue in this case, however, because dismissal for lack of exhaustion appears otherwise premature under the circumstances presented here. In support of their motions to dismiss, the Pension Defendants submitted affidavits and other evidence regarding their efforts to resolve Stampone's claims about his pension. The District Court did not expressly consider that evidence, and it likely could not properly have considered at least some of it at the pleading stage.

We note, however, that the Pension Defendants' evidence and argument focused largely on the fact that Stampone had not completed an application for benefits for which they first deemed him eligible during this litigation. (ECF Nos. 73-8 at 22-35; 75-1 at 12-14.) And Stampone's claim is that the Pension Defendants have miscalculated his

---

[3] We have recognized that ERISA exhaustion is an affirmative defense, see Metro. Life Ins. Co. v. Price, 501 F.3d 271, 280, 282-83 (3d Cir. 2007), and plaintiffs generally need not plead facts overcoming an affirmative defense, see Jones v. Bock, 549 U.S. 199, 212-13 (2007). For that reason, the Supreme Court has held that plaintiffs asserting claims that are governed by the Prison Litigation Reform Act ("PLRA") need not plead satisfaction of the PLRA's statutory exhaustion requirement. See id. at 216. The same arguably should be all the more true for plaintiffs asserting claims under ERISA, which does not contain a statutory exhaustion requirement. Cf. Paese v. Hartford Life & Accident Ins. Co., 449 F.3d 435, 445 (2d Cir. 2006) (noting that "[t]he fact that ERISA, unlike the PLRA, does not even contain a statutory exhaustion requirement, further strengthens our conclusion" that ERISA exhaustion is not jurisdictional). Of course, even if a plaintiff need not plead ERISA exhaustion, a complaint may still be subject to dismissal if lack of exhaustion is apparent on its face. See Jones, 549 U.S. at 215-16. In this case, however, Stampone did not plead facts affirmatively ruling out the possibility of exhaustion.

benefits and that he cannot retire (and thus cannot take his pension) unless defendants pay him what he believes is the proper amount. The District Court did not specifically address exhaustion of that claim and, in light of all the foregoing, we believe that its resolution at the pleading stage is premature. Thus, we will vacate and remand for further proceedings on Stampone's ERISA claim regarding his pension. On remand, the District Court may wish to conduct proceedings limited to the questions of whether Stampone has exhausted this claim and, if not, whether exhaustion would be futile.

## B. Stampone's Remaining Claims

We will affirm the District Court's dismissal of Stampone's remaining claims largely for the reasons it explained.[4] We separately address three issues.

First, the District Court properly construed Stampone's claim regarding the suspension of his Steward certification as arising in part under the LMRA, which gives Union members the right to sue for breach of Union constitutions, by-laws, and other governing documents. See 29 U.S.C. § 185(a); Wooddell v. Int'l Bhd. of Elec. Workers, Local 71, 502 U.S. 93, 101 (1991). We agree with the District Court that Stampone also failed to allege a plausible claim. Stampone's sole allegation in this regard, in the fourth iteration of his complaint, was that "nowhere is it stated" in the Union constitution or by-

---

[4] The District Court dismissed several of Stampone's other claims for failure to exhaust as well but, unlike with the ERISA claim just discussed, the District Court also concluded that Stampone otherwise failed to state plausible claims on the merits. We agree with the District Court's rulings on the merits and thus need not address exhaustion of Stampone's other claims.

laws that Steward certification can be suspended or a member "found guilty" for not attending a meeting. (ECF No. 72 at 6.) As the District Court explained, Stampone did not claim that defendants' conduct breached any particular provision of these documents. Stampone also did not attach them or otherwise plead anything suggesting that they prohibit the specific conduct alleged here.

Second, the District Court also properly construed this claim as arising in part under the LMRDA. That statute provides in relevant part that, in the absence of certain due process protections, union members may not be "fined, suspended, expelled, or otherwise disciplined" except on grounds not relevant here. 29 U.S.C. § 411(a)(5). Stampone does not allege that the Union Defendants suspended his union membership, and the District Court properly concluded that their suspension of his Steward certification did not constitute "discipline" under this statute because it did not concern his union membership. See United Steel Workers Local 12-369 v. United Steel Workers Int'l, 728 F.3d 1107, 1117 & n.5 (9th Cir. 2013) (citing Finnegan v. Leu, 456 U.S. 431, 438 & n.9 (1982)).[5]

Third, Stampone—who appears to have been 64 years old when he filed his Third Amended Complaint—asserted that defendants' alleged conduct constituted

---

[5] We note that such a suspension might constitute "discipline" for purposes of another provision of the LMRDA that is not at issue here. See Morris v. Hoffa, 361 F.3d 177, 193-94 (3d Cir. 2004). That provision prohibits the "discipline" of union members for exercising the rights of free speech and assembly conferred by 29 U.S.C. § 411(a)(2). See 29 U.S.C. § 529. Stampone has alleged nothing implicating that provision.

7

discrimination under the Age Discrimination in Employment Act ("ADEA").  The

District Court properly dismissed his claim to the extent that it failed to raise a plausible

inference of discrimination against Stampone personally, but it did not address a separate

aspect of his claim.  Stampone claims that defendants' pension plan is discriminatory

because it permits members who are over 65 years old to work as carpenters in other

states without penalty but penalizes workers who are between 62 and 65 years old for

doing the same.  In other words, Stampone claims that the plan is discriminatory because

it treats a class of older workers more favorably than a class of younger workers.  This

claim fails as a matter of law because the ADEA, unlike some other anti-discrimination

statutes, does not prohibit "reverse discrimination" and thus does not prohibit treating

older workers more favorably than younger ones.  See Gen. Dynamics Land Sys., Inc. v.

Cline, 540 U.S. 581, 584, 600 (2004).

### III.

For these reasons, we will vacate the District Court's judgment to the extent that it

dismissed Stampone's ERISA claim regarding his pension benefits but will affirm in all

other respects.  We emphasize the narrow scope of our remand.  Stampone likens this

case to one he references as "Hulk Hogan v. Gawker," and he has demanded $100

million in damages.  This case is not of that magnitude.  Instead, with our rulings, this

case presents a simple dispute over the calculation of Stampone's pension benefits.  We

express no opinion on whether Stampone has exhausted his ERISA claim regarding his

pension, on the merits of that claim, or on whether Stampone would be entitled to any

8

damages if he were to prevail.  Stampone, however, should bear in mind the limited

nature of this case on remand.