# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued May 1, 2024          Decided August 6, 2024

No. 23-7033

HENRY SEARCY, JR.,
APPELLANT

v.

DEMAURICE FITZGERALD SMITH, ET AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cv-00921)

*Henry Searcy Jr.*, pro se, argued the cause and filed the briefs for appellant.

*Alexandra M. Li*, Student Counsel, argued the cause for *amicus curiae* to assist the court. With her on the brief were *Erica Hashimoto*, appointed by the court, *Salvatore Mancina*, Supervising Attorney, and *Emily N. Janikowski*, Student Counsel.

*Jeffrey L. Kessler* argued the cause for appellees. With him on the briefs were *Lauren Gailey*, *Jonathan J. Amoona*, and *Angela A. Smedley*.

Before: WILKINS, RAO, and PAN, *Circuit Judges*.

Opinion for the Court filed PER CURIAM.

PER CURIAM: The National Football League Players Association ("NFLPA") delegates its authority to negotiate player contracts to agents. Per the NFLPA's 2012 Regulations Governing Contract Advisors ("Agent Regulations"), in order to become an agent, a prospective agent must apply for certification and pass a written exam. Agent Regulations at 4. After failing the exam twice, Plaintiff-Appellant Henry Searcy, Jr. appealed the denial of certification and the dispute went to arbitration. The arbitrator sided with the NFLPA. *Searcy v. Smith*, No. 19-cv-921, 2020 WL 2198086, at *3 (D.D.C. May 6, 2020); Appellees' Appendix ("A.") 127 (Arbitration Award). Searcy subsequently sued the NFLPA and its Executive Director, DeMaurice Fitzgerald Smith ("NFLPA Defendants"), along with Prometric LLC, which developed and administers the written exam, and Prometric's Vice President and General Counsel, Michael P. Sawicki ("Prometric Defendants").

The District Court granted the Prometric Defendants' motions to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and the NFLPA Defendants' motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Searcy*, 2020 WL 2198086, at *1. Because the District Court granted the NFLPA Defendants' motions to dismiss under Rule 12(b)(6) rather than Rule 12(b)(1), it implicitly ruled that it had subject-matter jurisdiction. *Cf. Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94–95 (1998) (holding that federal courts must resolve jurisdictional issues before reaching the merits). While the District Court explained that it could exercise diversity jurisdiction over claims against the NFLPA, *see Searcy*, 2020

WL 2198086, at *3 n.3, it did not provide any basis for exercising jurisdiction over claims against Smith.

After Searcy appealed the District Court's dismissal of his claims, we affirmed the dismissal of his claims against the Prometric Defendants due to the lack of subject matter jurisdiction. *Searcy v. Smith*, No. 20-7048, 2021 WL 2453044, at *1 (D.C. Cir. Mar. 5, 2021). We went on to explain that the District Court did not have diversity jurisdiction over his claims against the NFLPA Defendants and instructed the District Court to reconsider its decision to dismiss the claims under Rule 12(b)(6), as opposed to Rule 12(b)(1). *See id.* More specifically, we said the District Court should examine whether Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, completely preempts Searcy's state law claims, which would require the District Court to consider those claims as if Searcy were seeking relief under the LMRA. *Id.* If so, the District Court would have federal question jurisdiction over these claims and supplemental jurisdiction over a related claim. That would allow the District Court to exercise jurisdiction and consider the NFLPA Defendants' motion to dismiss for failure to state a claim under Rule 12(b)(6). The District Court subsequently concluded it had jurisdiction and dismissed the claims pursuant to Rule 12(b)(6). *See Searcy v. Smith*, No. 19-cv-921, 2023 WL 2213249, at *1 (D.D.C. Feb. 24, 2023). Searcy appeals again.

On this further review, we hold that the District Court erred in finding subject matter jurisdiction over the claims against the NFLPA Defendants, as Section 301 of the LMRA does not completely preempt Searcy's state law claims. We therefore affirm the District Court's dismissal of claims against the NFLPA Defendants on different grounds, and remand this case to the District Court with instructions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), instead of for failure to state a claim under Rule 12(b)(6).

## I.

Searcy brought breach of contract, negligence, negligent misrepresentation, and intentional infliction of emotional distress claims against the NFLPA. He brought a claim for tortious interference with a contractual relationship against Prometric. He also sought vacatur of the arbitration award under the Federal Arbitration Act ("FAA"). While Searcy named Smith and Sawicki in the complaint, he did not specify claims against them. In short, Searcy alleged that NFLPA wrongfully changed its exam scoring methodology without amending the Agent Regulations and failed to follow the mandatory procedures for arbitration, as set forth in the Agent Regulations.

Having dismissed claims against the Prometric Defendants due to the lack of subject matter jurisdiction earlier, the District Court's February 2023 Opinion focused on the state law and FAA claims against the NFLPA Defendants. *Searcy*, 2023 WL 2213249, at *3–6. The District Court reasoned that Section 301 of the LMRA preempts Searcy's state law claims against the NFLPA Defendants because the resolution of these claims was "substantially dependent" upon or "inextricably intertwined" with the NFL-NFLPA Collective Bargaining Agreement ("CBA"), which is a labor contract covered by Section 301. *Id*. at *4–5 (citation omitted). The District Court accordingly treated these allegedly preempted state claims as arising under Section 301; as a result, the District Court held that it had federal question jurisdiction over these claims. *Id*. at *5. The District Court further held that it had supplemental jurisdiction over Searcy's FAA claim because it was closely connected to his state law claims. *Id*. at *5–6.

On this second appeal, both Searcy and the NFLPA Defendants contend that the District Court had subject matter jurisdiction over Searcy's claims against the NFLPA

Defendants, though they differ in their reasoning. Searcy contends that the District Court had diversity jurisdiction over his claims, and argues against Section 301 preemption. Meanwhile, the NFLPA Defendants argue the District Court had federal question jurisdiction over state law claims through Section 301 preemption and supplemental jurisdiction over the FAA claim. In addition to Section 301 preemption, the NFLPA Defendants raise a new argument before us that Searcy's state law claims are also preempted by a second statute, Section 9(a) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 159(a).

We appointed an *amicus curiae* to examine whether Section 301 of the LMRA provides a basis for federal jurisdiction in this case, where the appellant has alleged violations of the Agent Regulations. *Searcy v. Smith*, No. 23-7033 (D.C. Cir. Nov. 7, 2023) (Per Curiam Order). According to the *amicus curiae*, neither Section 301 of the LMRA nor Section 9(a) of the NLRA provides a basis for federal jurisdiction here and so the District Court lacks subject matter jurisdiction over Searcy's claims against the NFLPA Defendants. We agree.

## II.

This Court reviews a district court's subject matter jurisdiction *de novo*. *Am. Fed'n of Gov't Emps. v. Trump*, 929 F.3d 748, 754 (D.C. Cir. 2019).

## A.

Complete preemption only applies in cases involving federal statutes that are intended by Congress to wholly displace state law, and, to date, the Supreme Court has found such complete preemption with respect to only three statutes. *District of Columbia v. Exxon Mobil Corp.*, 89 F.4th 144, 150 (D.C. Cir. 2023). If a state law claim is completely preempted

by federal law, that claim is treated as a federal claim, and the district court accordingly has federal question jurisdiction over it. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). Unlike with complete preemption, ordinary preemption can only be raised as a defense to state law claims and cannot be used as the basis for federal question jurisdiction. *Exxon Mobil Corp.*, 89 F.4th at 154–55.

**1.**

Section 301 of the LMRA is one such statute that completely preempts state law under some circumstances. *See Caterpillar Inc.*, 482 U.S. at 393 (explaining that the complete preemption doctrine "is applied primarily in cases raising claims pre-empted by [Section] 301 of the LMRA").

Section 301 governs claims "for violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce or for violation of a contract between such labor organizations." *Wooddell v. Int'l Bhd. of Elec. Workers, Loc. 71*, 502 U.S. 93, 98 (1991). While Section 301 does not preempt every state law claim relating to a labor contract, Section 301 preempts state law claims that are "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985). The question is "whether evaluation of the [state law] claim is inextricably intertwined with consideration of the terms of the labor contract." *Id.* at 213. "[W]hen the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished" under Section 301. *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994).

It is undisputed that Searcy's state law claims implicate the Agent Regulations. But despite the NFLPA Defendants' claim

to the contrary, the Agent Regulations do not qualify as a labor contract under Section 301. The Agent Regulations are an agreement between the NFLPA (a labor organization) and agents or prospective agents (a third party). Such an agreement falls outside of Section 301's reference to contracts between an employer and a labor organization representing employees or between such labor organizations.

At issue here is whether Searcy's state law claims also implicate the CBA, which, unlike the Agent Regulations, *is* a labor contract covered by Section 301. The CBA states that the NFLPA "shall have sole and exclusive authority to determine . . . the grounds for . . . denying certification of an agent." NFL-NFLPA CBA, Art. 48, § 1 (2011). Since Section 9(a) of the NLRA grants the NFLPA authority to be the "exclusive representative[]" of players, 29 U.S.C. § 159(a),[1] the NFLPA does not derive its authority to set up an agent regulation system from the CBA. Searcy also did not challenge the NFLPA's exclusive authority.

Rather than challenging the NFLPA's exclusive authority, Searcy's state law claims challenge how the NFLPA scores its exam for prospective agents, sets the passing score for that exam, and decides when to grant certification, along with a related arbitration issue. The CBA does not address these issues. The CBA does prohibit the NFLPA from removing certified agents without an appeal in most circumstances and from disciplining or decertifying agents based on their negotiation performance, CBA, Art. 48, § 1, but these issues are not presented by Searcy's complaint.

---

[1] 29 U.S.C. § 159(a) ("Representatives designated or selected for the purposes of collective bargaining by the majority of the employees in a unit appropriate for such purposes[] shall be the exclusive representatives of all the employees in such unit for the purposes of collective bargaining . . . .").

Without more, the resolution of Searcy's state law claims is not "substantially dependent" upon or "inextricably intertwined" with the terms of the CBA. *Allis-Chalmers*, 471 U.S. at 213, 220. Even though the Agent Regulations and the CBA are related to each other, they are two separate agreements. And resolving Searcy's state law claims does not require the District Court to interpret the CBA. As the District Court would only need to construe the Agent Regulations to resolve these claims, these claims are not completely preempted by Section 301 through the CBA. The District Court, as a result, does not have federal question jurisdiction over them.

The NFLPA Defendants point to *Black v. National Football League Players Association*, 87 F. Supp. 2d. 1 (D.D.C. 2000). In that case, an agent raised a state law claim against the NFLPA regarding the way the NFLPA conducted his agent disciplinary proceeding. *Id.* at 3–4. The district court found that the claim was "inextricably intertwined" with the terms of the CBA. *Id.* at 4 (citation omitted). The district court explained that "Black's state law claim [could not] be described as independent of the collective-bargaining agreement." *Id*. (internal quotation marks and citation omitted). We disagree with *Black*'s conclusion that any state law claim involving the Agent Regulations necessarily implicates the CBA and is therefore completely preempted. The Sixth Circuit has previously rejected that same line of reasoning as well. *See Porter v. Nat'l Football League Players Ass'n,* No. 21-1420, 2022 WL 2666060, at *5 (6th Cir. July 11, 2022) ("declin[ing] to adopt the reasoning outlined in *Black*" and explaining that "[t]he fact that the [Agent] Regulations are in some sense dependent on a collective-bargaining agreement does not mean they are themselves a labor contract covered by § 301").

**2.**

Whether Searcy's state law claims are preempted by Section 9(a) of the NLRA is irrelevant. Unlike Section 301 of the LMRA, Section 9(a) of the NLRA does not provide for complete preemption, *see Caterpillar Inc.*, 482 U.S. at 398 & n.12—and only complete preemption can serve as the basis for federal question jurisdiction*, see Exxon Mobil Corp.*, 89 F.4th at 150, 155 (explaining that the Supreme Court has found complete preemption in only three statutes, including Section 301 of the LMRA but not Section 9(a) of the NLRA, and noting that ordinary preemption does not serve as the basis for federal question jurisdiction).

**B.**

Having concluded that the District Court lacks subject matter jurisdiction over Searcy's state law claims, we now turn to the question of whether the District Court has subject matter jurisdiction over Searcy's FAA claim.

The FAA "does not itself create" subject matter jurisdiction, so the District Court needs an "independent jurisdictional basis" to resolve Searcy's FAA claim. *Badgerow v. Walters*, 596 U.S. 1, 4 (2022) (quoting *Hall St. Assocs. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)).

If the District Court had subject matter jurisdiction over Searcy's other claims "that are so related" to his FAA claim "that they form part of the same case or controversy," the District Court would have supplemental jurisdiction over his FAA claim. 28 U.S.C. § 1367(a). However, because the District Court does not have subject matter jurisdiction over Searcy's other claims, it cannot exercise supplemental jurisdiction over his FAA claim. And the District Court does not have an alternative basis for exercising subject matter jurisdiction over his FAA claim.

**C.**

In the District Court, Searcy filed a motion to file a second amended complaint after this Court remanded the case for review of the prior Rule 12(b)(6) dismissal. Searcy sought to drop his negligent misrepresentation and FAA claims. We affirm the District Court's denial of that motion because allowing Searcy to amend his compliant would be fruitless; it would not change the result that the District Court lacks jurisdiction over all of Searcy's claims.

## III.

For the foregoing reasons, we affirm the District Court's denial of Searcy's motion to file a second amended complaint and the District Court's dismissal of claims against the NFLPA Defendants on different grounds. We remand this case to the District Court with instructions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).

*So ordered.*