# United States Court of Appeals
## For the First Circuit

No. 18-1252

PHARAMOND CONILLE; YVES RIGAUD; MICHELET AUGUSTE;
LOCAL 402, American Federation of State, County and
Municipal Employees; JACQUES LARAQUE; GUY RAPHAEL; JEAN LOUIS;
JAMES SHEA; ELGA BERNARD; HODELIN AUBOURG; GABRIEL BERNARD;
VERLEEN LEWIS; CARMESUZE MICHAUD; KALLOT JEAN-FRANCOIS;
MONIQUE MODAN; JOSEPH BERLUS; MARIE AVELINE FORTUNAT;
VALENTINE DUBUISSON; FRANCHETTE DORSAINVIL; SALLY ROGERS;
STANLEY SIENKIEWICZ; YVONNE VASSELL,

Plaintiffs, Appellants,

v.

COUNCIL 93, American Federation of State, County and
Municipal Employees; AMERICAN FEDERATION OF STATE, COUNTY
AND MUNICIPAL EMPLOYEES,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Torruella, Lipez, and Kayatta,
Circuit Judges.

Mark D. Stern, with whom Mark D. Stern P.C. was on brief, for
appellants.
Paul F. Kelly, with whom Sasha N. Gillin and Segal Roitman,
LLP were on brief, for appellees.

August 19, 2019

**TORRUELLA**, **Circuit Judge**.  Plaintiffs-appellants, Local 402 and its Vice President, Pharamond Conille ("Conille"), appeal from the district court's findings, after a bench trial, that Local 402 never requested to appeal its deactivation to the International Executive Board ("IEB") and that it failed to prove that it was deactivated in retaliation for having exercised its free-speech rights.  Because we find that Local 402 did request an appeal to the IEB, we reverse the district court's judgment and remand the case for an internal appeal to the IEB.

## I.  Background[1]

The American Federation of State, County and Municipal Employees ("AFSCME") is an international labor union affiliated with the American Federation of Labor and Congress of Industrial Organizations ("AFL-CIO").[2]  AFSCME is the parent of Council 93, an intermediate union body representing approximately 36,000 workers employed by public and private employers in Massachusetts, Maine, New Hampshire, and Vermont.  Council 93's representation is broken down into thirteen geographic and organizational

---

[1]  We summarize the relevant facts, reserving for our analysis a more detailed discussion of the facts relevant to each issue presented on appeal.

[2]  The union structure is multi-layered. AFL-CIO, which has no role in this case, is the parent of AFSCME. Councils are created by AFSCME to coordinate activities among the locals, which are the smallest component parts of the union.

legislative districts, which include the Massachusetts Department of Developmental Services ("DDS"). As an affiliate of Council 93, Local 402 was chartered in 1953 to represent the DDS employees working at the Fernald State School ("Fernald") in Waltham, Massachusetts.[3]

In the early 1990s, Massachusetts began to deinstitutionalize mental health patients and place them into community-based residential facilities. As a result, petitions were filed to amend the jurisdiction of some local unions to cover community-based facilities. Massachusetts announced its plan to close Fernald in 2003.

In November 2011, Conille, Local 402's Vice President, was elected to serve as a DDS representative on Council 93's Executive Board, a position to which he was reelected in 2015. During this time, Conille fought to reform the disproportionate representation of Local 402 members on the Executive Board, inquired about the lack of racial minorities on the Executive Board, and advocated for racial minorities within the union.

---

[3] Prior to 1986, the Massachusetts Department of Mental Health was responsible for the operation of Fernald, and, as such, was the employer of Local 402's members. In 1986, the Department of Mental Health was split into two Departments when Massachusetts created the Department of Mental Retardation, which changed its name to the Department of Developmental Services in 2009.

In March 2017, Pat Glynn, the Director of Strategic Planning for Council 93, requested that Local 402 be deactivated because "[t]here [were] no employees working within the jurisdiction of Local 402" after Fernald officially closed earlier that year.[4]  In response, Local 402's President, Raymond McKinnon ("McKinnon"), wrote to a number of people, including AFSCME's President, Lee Saunders ("Saunders"), to stop the deactivation. He also sent a cease and desist letter to Council 93's Executive Director, Frank Moroney ("Moroney"), and filed charges with AFSCME's Judicial Panel for allegedly interfering with Local 402's ability to serve its members.  In addition to McKinnon's efforts, Conille attempted to revise Local 402's charter to include additional worksites but was unsuccessful.

---

[4]  Local 402 argues that the district court clearly erred in finding that Fernald had closed in 2017 and claims, instead, that it closed in 2014.  The record, however, contains evidence that "Fernald Center's last resident was discharged on November 13, 2014, [but] the skilled nursing facility that was thereafter operated on the same grounds[ ] closed at the end of February[ ] 2017 [and that] [t]hese employees now work under the jurisdiction of other AFSCME local unions."  The record also contains an affidavit submitted by Conille in support of a motion for partial summary judgment, in which he stated that "[i]n February 2017 the relocation of employees from the central Fernald facility to [community-based residential facilities] was complete, and no Local 402 member worked at what had been up to that date the central Fernald complex."  In light of this evidence, the district court's factual finding is not clearly erroneous and thus will not be disturbed.

Saunders made the decision to deactivate Local 402 on or about May 30, 2017. On June 2, 2017, AFSCME sent an order to Local 402 to return its funds and property. In response, on June 7, 2017, Local 402's legal counsel, Mark Stern ("Stern"), sent a letter challenging Saunders's decision and requesting that the deactivation be rescinded. AFSCME declined to acquiesce, stating that its decision to deactivate Local 402 was made in accordance with AFSCME's constitution. On June 12 or 13, 2017, the IEB ratified Saunders's decision to deactivate Local 402.

Following deactivation, members of Local 402 were transferred to Local 646 or Local 1730. Conille was transferred to Local 646. At the next Council 93 Executive Board meeting, Conille was notified that he would no longer sit as a representative of Local 402 because this local had been deactivated and he was now a member of Local 646. Furthermore, Local 646 already had a representative on the Executive Board.

On August 14, 2017, Conille and eighteen other members of Local 402 ("Local 402" collectively) filed suit against Council 93 and AFSCME ("Council 93" collectively). In the amended complaint filed on September 8, 2017, Local 402 alleged that: (1) Local 402 was denied equal voting rights as guaranteed under the AFSCME constitution and the Labor Management Reporting and

-6-

Disclosure Act ("LMRDA")[5] (Count I); (2) Local 402's deactivation violated Article IX, Section 35 of the AFSCME constitution (Count II); and (3) Local 402 was deactivated as a retaliatory measure for Conille's free speech (Count III). Council 93 counterclaimed, asserting that Local 402 failed to return its assets, bank accounts, and records as required under its constitution following deactivation.

On September 22, 2017, Local 402 filed a motion for partial summary judgment on Counts I and II, which Council 93 opposed. The district court denied summary judgment as to Count I because it found that there was a genuine issue of material fact regarding the alleged "defects in the proportional voting" system implemented. As to Count II, the court held that Council 93's interpretation of AFSCME's constitution -- that is, that what had occurred was a deactivation of Local 402 under Article V, Section 6 and not a merger or consolidation under Article IX, Section 35 as Local 402 contended -- was reasonable, and thus, the court would defer to Council 93's interpretation. The district court, however, clarified the scope of its decision by stating, "all I decided, in deciding summary judgment against [Local 402] on Count 2, was that the interpretation[] of the [AFSCME] [c]onstitution,

---

[5] 29 U.S.C. §§ 401 et seq.

as advanced by the Council, was reasonable and . . . therefore the Court ought defer to it."  As a result, the court left the question of Local 402's alleged wrongful deactivation for trial but decided it would defer to AFSCME's interpretation of its constitution -- that Article V, Section 6, governed their breach of contract claim. A two-day bench trial took place on October 26-27, 2017.

The district court issued its ruling from the bench on December 4, 2017.  The court found in favor of Local 402 as to Count I, noting that the disproportionate representation on Council 93's Executive Board was not reasonable under Title I of the LMRDA.  It, however, ruled in favor of Council 93 as to both Counts II and III.[6]  The district court devoted almost the entirety of its bench ruling to the disproportionate representation of Council 93's Executive Board.  As to the remaining counts, the court merely stated that Local 402 failed to persuade the court that it was entitled to judgment in its favor.  The court stated that it would "supplement its order with more detailed findings and rulings."  It then entered judgment.

On December 14, 2017, Council 93 filed a motion to amend judgment pursuant to Fed. R. Civ. P. 59(e), requesting that the

---

[6]  The court also dismissed Council 93's counterclaim.  The court found the counterclaim "moot because [Local 402 had] already agreed at trial to return the funds."

-8-

court enter judgment for Council 93 as to its counterclaim. On December 20, 2017, Local 402 filed its own post-judgment motion. The district court "denied" both parties' post-judgment motions on December 22, 2017, stating that, "[a]s this [c]ourt has already explained, a full memorandum of decision will [be] enter[ed] pursuant to Fed. R. Civ. P. 52. These motions are more properly addressed as motions to enforce the judgment."

Thereafter, on January 2, 2018, Council 93 appealed from the district court's decision on Count I and its dismissal of Council 93's counterclaim.[7] On January 5, 2018, Local 402 requested an open-ended extension of time to appeal until the district court had provided the promised findings of facts and conclusions of law. The district court granted the motion on January 8, 2018. While still waiting for the district court to issue its findings of fact and rulings of law, Local 402 filed its notice of appeal on March 22, 2018.

On May 15, 2018, the district court supplemented its oral decision with additional findings of fact and rulings of law. It held that Local 402 had not properly appealed its deactivation to the IEB, and that it had failed to prove that it was deactivated in retaliation for Conille's criticism of Council 93's Executive

---

[7] That appeal is currently pending before this court. See Appeal No. 18-1038.

Board.  After the district court issued its findings and rulings, Local 402 filed an amended notice of appeal on June 6, 2018.

## II.  Discussion

### A.  Timeliness of the Notice of Appeal

Council 93 claims that this court lacks jurisdiction to entertain this appeal because Local 402 filed an untimely notice of appeal.

"This court must verify that it has appellate jurisdiction before addressing the merits of any appeal." United States v. Santiago-Colón, 917 F.3d 43, 49 (1st Cir. 2019) (citing Espinal-Domínguez v. Puerto Rico, 352 F.3d 490, 495 (1st Cir. 2003)).  "Jurisdiction is a question of law subject to de novo review."  Id. (quoting United States v. W.R. Grace, 526 F.3d 499, 505 (9th Cir. 2008)).

"To secure appellate review of a judgment or order, a party must file a notice of appeal from that judgment or order." Manrique v. United States, 137 S. Ct. 1266, 1271 (2017). Generally, parties must file notices of appeal in civil cases within 30 days of the entry of the judgment. Fed. R. App. P. 4(a)(1)(A).

On December 20, 2017, Local 402 filed a timely motion to amend the judgment under "Rules 59(e) and 60(b)(6)" of Federal Civil Procedure.  In this motion, Local 402 raised Rule 52

concerns, noting, "the record shows that . . . [the district court] made absolutely no findings of fact or rulings of law, as required by F.R.Civ.Pro, Rule 52(a)(1)" as to any counts besides Count I.[8] Local 402 argues that this motion should be construed as one under Rule 52(b), which provides that "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings -- or make additional findings -- and may amend the judgment accordingly.  The motion may accompany a motion for a new trial under Rule 59."  Fed. R. Civ. P. 52(b).  We agree.

Though Local 402 titled its motion as one under Rule 59(e) and Rule 60(b)(6), not Rule 52(b), nomenclature is not controlling.  See, e.g., Parisie v. Greer, 705 F.2d 882, 896-97 (7th Cir. 1983) (Swygert, J., dissenting) (collecting cases).  By discussing Rule 52 and requesting that the district court make additional findings, Local 402 made a valid Rule 52(b) motion.

Moreover, the district court appeared to construe Local 402's motion as arising under Rule 52(b). Although on December 22,

---

[8]  Fed. R. Civ. P. 52(a)(1) states that,

> [i]n an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court.  Judgment must be entered under Rule 58.

2017, the district court stated that it was denying Local 402's motion to amend the judgment, it also stated, "[a]s this Court has already explained, a full memorandum of decision will enter pursuant to Fed. R. Civ. P. 52." Local 402 argues this order granted partial relief and deferred disposition of its Rule 52(b) motion. It is clear from the order that the district court did not deny Local 402's implicit Rule 52(b) motion nor did it fully resolve it. Accordingly, we hold the district court's order delayed final disposition of Local 402's implicit Rule 52(b) motion until the court issued its findings of fact and rulings of law in its May 15, 2018 memorandum of decision.

Pursuant to Fed. R. App. P. 4(a)(4)(A)(ii), the time for Local 402 (or Council 93) to file an appeal ran from the entry of the order disposing of the Rule 52(b) motion. See Fed. R. App. P. 4(a)(4)(A) ("If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure -- and does so within the time allowed by those rules -- the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion: . . . (ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment."). Therefore, Local 402 had thirty days from May 15, 2018, when the district

-12-

court issued its memorandum of decision disposing of Local 402's implicit Rule 52(b) motion, to file an appeal.

Per Fed. R. App. P. 4(a)(4)(B)(i), Local 402's notice of appeal -- filed on March 22, 2018, before the district court's disposition of Local 402's Rule 52(b) motion -- became effective on May 15, 2018.  See Fed. R. App. P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment -- but before it disposes of any motion listed in Rule 4(a)(4)(A) -- the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.").  Local 402's amended notice of appeal, filed on June 6, 2018, was also within thirty days of May 15, 2018, when the district court issued its decision disposing of Local 402's Rule 52(b) motion.  Therefore, Local 402's appeal is timely.[9]  Finding no jurisdictional bar, we now turn to the merits of this appeal.

---

[9]  In addressing the timeliness of Local 402's notice of appeal, the parties also focused on the validity of the district court's grant of Local 402's January 5, 2018 motion for an open-ended extension of time to file a notice of appeal.  Because we find, however, that Local 402's notice of appeal was timely, regardless of the propriety of the district court's grant of Local 402's January 5, 2018 motion, we need not address those alternative arguments.

-13-

## B.  Deactivation of Local 402

In Count II of its complaint, Local 402 alleged that it had been denied a procedural right, embodied in the AFSCME constitution, to appeal its deactivation.  In dismissing this claim, the court found -- without expressing any opinion as to Local 402's right to an appeal -- that the evidence presented at trial failed to show that Local 402 had ever requested a formal appeal.

The district court identified several instances in which Local 402 claimed it requested an appeal.  First, in April 2017, after Council 93's Assistant Executive Director, Mark Bernard ("Bernard"), informed Conille of Council 93's recommendation to deactivate Local 402, Local 402's President, McKinnon, wrote to the AFSCME President, Saunders, asking him to reject the recommendation to deactivate Local 402 and requesting "an opportunity to meet with [Saunders] directly, or with a personal representative."  Second, in early May 2017, McKinnon sent a "cease and desist" letter to the Executive Director of Council 93, Moroney, asking that he stop the deactivation process.  Third, in late May 2017, McKinnon filed charges with the AFSCME International Judicial Panel against Bernard and Council 93 for allegedly interfering with Local 402's ability to serve its members "through its elected [officers]."  The district court found these

-14-

communications did not constitute a formal request to appeal Local 402's deactivation.

The court further noted Conille's testimony that his attorney, Stern, had sent a letter to AFSCME on June 7, 2017, requesting that the IEB review Local 402's deactivation which, according to Conille, also constituted a request for appeal to the IEB. According to the court, the letter stated, "[i]f the [AFSCME] President and [the International] Executive Board ever issue . . . a [deactivation] notification, be assured that [Local 402] will exercise the right to appeal for a hearing before the [IEB]." Yet, in the court's view, "proclaiming one will exercise one's right to an appeal is not the same as actually exercising that right." It thus concluded that Stern's letter was "not a proper request for an appeal" to the IEB.

Local 402 argues that the district court clearly erred in finding that Local 402 failed to request a formal appeal of the deactivation decision to the IEB. According to Local 402, the evidence shows that it "unconditionally request[ed] an IEB hearing."

Section 301(a) of the Labor Management Relations Act ("LMRA") "empowers district courts to hear suits for breach of contract between two labor organizations."[10]  Lydon v. Local 103,

_____

[10]  Section 301(a) of the LMRA provides that:

-15-

Int'l Bhd. of Elec. Workers, 770 F.3d 48, 54 (1st Cir. 2014); see also 29 U.S.C. § 185(a). Because a union constitution is merely a contract between parties, Doty v. Sewall, 908 F.2d 1053, 1060 (1st Cir. 1990), courts also analyze a suit by union members alleging that a union has violated its constitution as a Section 301(a) suit for breach of contract between labor organizations. Wooddell v. Int'l Bhd. of Elec. Workers, Local 71, 502 U.S. 93, 103 (1991); Lydon, 770 F.3d at 54 ("[Union] members can sue to enforce the contract/constitution as third-party beneficiaries.").

Exhaustion of union appeals procedures is usually required before filing a Section 301(a) suit unless exhaustion is demonstrably "futile." Clayton v. Int'l Union, UAW, 451 U.S. 679, 683-85 (1981). "Where the union member is fully advised of appeal procedures and the union constitution mandates that they be exhausted . . . we hold that the balance falls in favor of requiring exhaustion." Monroe v. Int'l Union, UAW, 723 F.2d 22, 25-26 (6th Cir. 1983).

---

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

Local 402 was deactivated by the International President, Saunders, pursuant to Article V, Section 6 of the AFSCME constitution, which states that:

> The International President, subject to the approval of the International Executive Board, shall issue charters to subordinate bodies of the Federation and shall, subject to an appeal to the International Executive Board, determine all matters relating to the jurisdiction and proper affiliations of subordinate bodies. The International President, subject to the approval of the International Executive Board, shall have the authority to negotiate and consummate, on such terms and conditions as the International President considers appropriate, mergers or consolidations with organizations representing public employees or other appropriate groups of workers . . . .

Council 93 concedes that Article V, Section 6 incorporates an opportunity to appeal after a deactivation decision. But it argues that Local 402 refused to recognize that it had been deactivated -- and instead centered its efforts in contending that the termination of its charter was a merger or consolidation under Article IX, Section 35 of the AFSCME constitution -- and thus never affirmatively requested an appeal. Because Local 402 never appealed the deactivation decision to the IEB, its argument goes, Local 402 failed to exhaust internal remedies as required under Article XII, Section 10 of the AFSCME

constitution and was thus barred from filing suit in court.[11]  We disagree.

The district court concluded that Local 402 failed to request an appeal, citing certain correspondence between the parties, including Stern's June 7, 2017 letter to AFSCME concerning the deactivation.  The court noted that this letter stated, "[i]f the [AFSCME] President and [the International] Executive Board ever issue . . . a [deactivation] notification, be assured that [Local 402] will exercise the right to appeal for a hearing before the [IEB]," and concluded that this was merely a proclamation that Local 402 intended to exercise its right to appeal, which is different from actually exercising such a right.

In reaching that conclusion, the district court failed to consider the entire content of the letter.  Stern's letter also stated, "if you deem your transmission dated June 2, 2017 . . . to be such a notification [that Local 402 had been deactivated], and

---

[11] The LMRDA allows labor organizations to require LMRDA plaintiffs to first exhaust internal union remedies.  To that effect, it provides that "any such member may be required to exhaust reasonable hearing procedures . . . within such organization, before instituting legal or administrative proceedings against such organizations or any officer thereof." 29 U.S.C. § 411(a)(4).  The AFSCME constitution includes such an exhaustion requirement.  Article XII, Section 10 of the AFSCME constitution states, "[n]o member or subordinate body shall institute any civil action, suit or other proceeding in any court . . . against [AFSCME] . . . without first exhausting all [internal] remedies, including all available appeals . . . ."

be assured my Client and I do not, my Client would exercise such a right and [Local 402] **hereby does at one and the same time reserve and exercise such a right**." (Emphasis added). Stern's statement was phrased in the alternative, but it was unambiguous -- if AFSCME deemed its letter sent on June 2, 2017 as a notice of deactivation, Local 402 was requesting an appeal of that decision to the IEB. See United States v. Frazier-El, 204 F.3d 553, 566-67 (4th Cir. 2000) (noting that "people make countless requests in the alternative," and such requests do "not automatically render the alternative request unclear or equivocal"). Less than a week later, on June 12, 2017, Stern sent a letter to AFSCME stating that, "to the extent that [your letter sent on June 2, 2017] purported to be such a notification [of deactivation], my client immediately appealed that decision under the applicable Constitutional provision. Hence, Local 402 fully expects to be recognized until that appeal is heard . . . ."

Accordingly, based on the June 7, 2017 letter, we conclude that Local 402 exercised its right to appeal to the IEB. The district court thus clearly erred in finding otherwise by focusing on only a section of that letter. See Richard v. Reg'l Sch. Unit 57, 901 F.3d 52, 59 (1st Cir. 2018) (noting that, following a bench trial, this court reviews findings of fact for clear error and this standard is met only when, on the entire

-19-

evidence, we are left with the definite and firm conviction that a mistake has been committed).  The fact that Local 402 was never afforded an appeal is a breach of contract, actionable under Section 301(a) of the LMRA.  See Lydon, 770 F.3d at 54.

The matter of remedy remains.  In bringing this suit, Local 402 "sought to compel AFSCME to follow its own procedures in regard to [its] deactivation."  On appeal, Local 402 conceded that the source of those procedural rights resides in Section 6 of Article V.  The parties agree that the procedure provided by that provision allows for an appeal by Local 402.  We have found that Local 402 sought such an appeal, but the IEB did not then entertain or decide that appeal.

## III.  Conclusion

We therefore reverse the district court's judgment that Local 402 did not preserve its appeal rights, and we remand the case to the district court with instructions to order the defendants to either rescind the deactivation of Local 402 or proceed forward to hear the appeal in the ordinary course.  We also vacate any judgment dismissing Count III with prejudice, with instructions that Count III be dismissed without prejudice as unripe unless and until Local 402's internal union appeal has been concluded.  Costs are awarded to plaintiffs.

## Reversed, Remanded, and Vacated.